ALEXANDER MITCHELL and others, Tax payers, *v.* THE BOARD OF TRUSTEES OF TOWNSHIP No. 8.

Township Boards of Trustees are forbidden by the Act of 1873–'74, chap. 106, sections 1 and 2, to levy and collect taxes for necessary expenses—and although such taxes were *ordered* before the passage of that Act, they cannot be collected since its passage.

This was an APPLICATION for an injunction to restrain the defendants from collecting certain taxes, heard before *Clarke,* J., at Spring Term, 1874, of CRAVEN Superior Court.

The plaintiffs, citizens and tax-payers of Township No. 8, of the county of Craven, applied to Judge Watts on the 24th January, 1874, for a restraining order to be directed to the defendants who were the Board of Trustees of said Township, enjoining the collection of certain taxes, which the plaintiffs alleged had been levied by the defendants to pay certain extravagant bills, &c., under the pretence that such bills and accounts were necessary expenses. The complaint of the plaintiffs contain many other allegations, irrelevant to the point decided in this Court, and therefore omitted in this statement.

His Honor granted the order, as prayed, restraining the defendants from collecting the tax until the matter could be heard.

At Spring Term, 1874, the defendants answered, admitting the levy of the tax, but averring it was for the necessary expenses of the township, heretofore incurred, and likewise current which were not unjust or extravagant, but reasonable, &c. Upon coming in of defendants' answer his Honor vacated the restraining order theretofore issued, from which vacating order the plaintiffs appealed.

*Haughton* and *Smith & Strong*, for appellants.
*Pou* and *Seymour*, contra.

READE, J. At the time when the taxes complained of were levied, the "Board of Trustees had power to lay and collect all taxes which were required to defray the necessary expenses of the Township." Acts 1868–'69, chap. 185, sec. 19 ; Bat. Rev. chap. 112, sec. 19. And having the *power*, very much—almost everything—must be left to the discretion of the Board to determine what were necessaries. It borders on the ridiculous to ask the Courts to say whether $34 for office rent, $20 for a book, $25 for a table, &c., &c., are necessary expenses. Such things must usually be left to the Board. If they are extravagant, the ballot-box is the appropriate remedy.

But the counsel on both sides had overlooked the fact that the statute, *supra*, authorizing the Board to levy and collect taxes for necessary expenses has been repealed, and the Board is forbidden to levy and collect taxes for necessary expenses. Acts 1873–'64, chap. 106, secs. one and two.

It is true that the taxes complained of were *ordered* before the passage of the last named act ; but that act forbids them to be *collected*. So that the *order* to *collect* what the Legislature has forbidden to be collected, must go for nothing. The same act, sec. 3, provides another way for paying the necessary expenses of the Township, which frees the repealing act from the objection of violating contracts.

The injunction prayed for ought to have been granted.

There is error.

PER CURIAM. Judgment reversed.