A. G. GAMBLE v. WILLIAM McCRADY and others.

Every one is entitled to notice in any judicicial or *quasi* judicial proceeding, by which his interest may be affected: *Hence,* an order by County Commissioners appointing appraisers to assess the value of the benefits and damages which would accrue to the owners of land on account of a certain canal sought to be cut through his land, upon the petition of other parties, filed under the provisions of the 39th chapter Battle's Revisal, *is void,* unless said land owner be made a party to the petition.

Sections 9 and 12, chap. 39, Battle's Revisal, are unconstitutional.

While the general provisions of an Act may be unconstitutional, one or more clauses may be good; *provided,* they can be separated from the others, so as not to depend upon the existence of the others for their own:

*Hence,* under said Act, (chap. 39, Bat. Rev.,) a petition may be filed, appraisers appointed and appraisement made, which, if done according to law, may have a certain weight; but it may be appealed from when the whole matter is open in the Superior Court. And before the petitioner can obtain any judgment, he *must,* as the defendant *may,* at any time, take the whole case into the Superior Court, for review upon the law and the facts.

(*Flat Swamp, &c. Canal Co.* v. *McAllister,* 74 N. C. Rep., 158; *Brown* v. *Keener,* Ibid. 710; *Johnson* v. *Winslow,* 63 N. C. Rep., 552, cited and approved.)

CIVIL ACTION, heard before SCHENCK, J., at Fall Term, 1875, of the Superior Court of GASTON County.

The facts necessary to an understanding of the case are stated in the opinion of the Court.

There was judgment in favor of the plaintiff, and the defendants appealed.

*Vance, Sandifer* and *Jones & Johnson,* for the appellants.
*Wilson & Son* and *M. A. Moore,* contra.

RODMAN, J. On the 1st of February, 1875, the defendant McCrady and several others presented their petition to the Commissioners of Gaston County, in which they set forth that they owned lands in said county, on Crowder's creek;

that on account of the lowness of the banks and the slug-
gishness of said stream their lands were sobbed and fre-
quently overflowed with water, and that to drain their lands
properly it was necessary to cut a ditch through their own
lands, and also through certain lands of the plaintiff,
Gamble, and of one Carson, who were unwilling to allow it
to be done, and refused also to contribute towards the ex-
pense of it. They described the ditch which they desired
to cut as beginning at a certain point on the creek, and thence
running, sometimes on one side of the present channel and
sometimes on the other, to another point on the creek ; and
to·be about three miles long, ten feet wide, six feet deep and
with a fall of ten feet to the mile. They prayed the Com-
missioners to appoint three appraisers, to view the land and
assess the benefits and damages to the owners of the lands
to be affected by means of the proposed work.

The Commissioners thereupon, without any notice to
Gamble or Carson, appointed appraisers, who, after having
notified Gamble of the time and place, &c., assessed the
benefit of the proposed work to fifteen acres of land owned
by him, at seventy-five dollars. They also assessed the
benefit to the lands of the other owners. The assessment
was reported to the County Commissioners, who affirmed
 thesame. Gamble then filed his petition in the Superior
Court, reciting the foregoing proceedings, and alleging that
the proposed canal would be an injury to him, and praying
for a *recordari* to bring the proceedings of the Commissioners
before the Court, to the end that they might be re-reviewed
and quashed as illegal. A *recordari* was accordingly issued,
and upon its return the Judge quashed the proceedings, as
being without the jurisdiction of the Commissioners, and
enjoined any proceeding under them, from which order the
defendants, McCrady and others, appealed to this Court.

In any view of the case, the assessment is void for want
of notice of the petition to Gamble and Carson, before the

appointment of appraisers. It is true that this is not directed to be given by the Act, chap. XXXIX, of Bat. Rev., under which the proceedings were had. But it is an inviolable principle of the common law that every one is entitled to notice in any judicial or *quasi* judicial proceedings by which his interests may be affected.

Our opinion on this point will not quite decide the case, because it still leaves open the question, what the judgment of the Superior Court should be—whether it must quash the *whole* proceedings before the commissioners, as being unauthorized and void from the beginning and in every part, as they were if the Act is wholly and in all its parts unconstitutional; or must only quash the appointment of the appraisers, and their proceedings, retaining the petition as in the nature of a complaint, and as the ground of further legitimate action by the Court.

We think it cannot be denied that certain provisions of the act which are essential parts of its general scheme and policy, are unconstitutional, and opposed to common principles of right and justice.

Section 9 enacts that when the work is completed according to the specifications, the applicant may recover from each land owner *the amount of the benefits assessed against his lands without any regard to the cost of the work.*

This estimate of benefit is made before the work is done, and it may fail to be fulfilled. But if fulfilled it may be that *the cost of the whole work* is less than the benefit estimated to all the land owners.

Certainly the only just rule in such cases is that *the cost* should be proportioned on each according to the benefit to him, and that the cost on no one shall exceed the benefit to him. This is the rule universally recognized, and it will be sufficient at present to refer in support of it to the cases cited in *Brown* v. *Keener*, 74 N. C. Rep., 710, and especially to *Cas-*

*ter* v. *Tide Water Co.,* 18 N. J. Rep., 54, and *State* v. *Blake,* 38 N. J. Rep., 442.

But by the act under consideration the applican; is entitled to recover from each beneficiary the full amount of estimated benefits, notwithstanding they greatly exceed the cost, and to retain the excess. Clearly this is to take the property of one man for the profit of another, and violates a constitutional maxim.

This same violation of right and justice is found in section 12 and seems to have been—no doubt unconsciously to the Legislature—the main end and object of the act.

We are obliged to declare these provisions void. But it does not follow that every provision of the act is so. It is settled that while the general provisions of an act may be unconstitutional, one or more clauses may be good, provided they can be separated from the others so as not to depend upon the existence of the others for their own. A notable instance of this construction may be found in the decisions of this Court respecting the stay laws of 1861, as to which, while the various provisions for delaying the collection of debts were held void, the clause suspending the Statute of Limitations was supported. *Johnson* v. *Winslow,* 63 N. C. Rep., 552.

The question then is whether so much of the act aforesaid as authorizes the filing of a petition before the County Commissioners, the appointment of appraisers and their appraisement, is void as being unconstitutional. The question is not as to whether the defendants in such petition must have notice of it, for that is clear; nor as to the effect of the appraisement as *evidence,* for that it can have none as a *judgment* is equally clear; but whether the filing of the petition and the appointment of appraisers thereon are void as being judicial acts before and by a body which cannot possess judicial power.

Thus definitely stated and cleared of extrinsic questions

the question presented on this appeal is seen to be a very narrow one. If we concede the power of the Legislature in the particular matter its effect amounts only to this: A party wishing to drain lands *may* file his petition in the Register's office instead of in the Clerk's office; the Register, instead of the Clerk, certifies the copy to be served on the defendant, and on its return, if the defendant either does not answer or raises by his answer no question of fact, (which of course the Commissioners would be incompetent to try,) the Commissioners may appoint appraisers, whose report, if made according to law, may have a certain weight; but it may be appealed from when the whole matter is open in the Superior Court; and before the petitioner can obtain any judgment he *must*, as the defendant *may*, at any time take the whole case into the Superior Court for review upon the facts and the law. That this was the whole effect that could be allowed to the act was said at last term in *Flat Swamp & Lock's Creek Co.* v. *McAllister*, 74 N. C. Rep., 159.

Allowing to the Act this slight force, and no more, it is said, that it is unnecessary, circuitous, inconvenient and expensive. We agree to this. We may conceive that it was enacted inconsiderately. We are ignorant upon what principle the learned reviser omitted from his collection of statutes in force, chap. 40, of Rev. Code, which has long been on the statute book, and received the benefit of several judicial expositions, and also chap. 164, of the Acts of 1868–'9, which appears to have been carefully drawn, and inserted the Act under consideration, as the only Act on the subject now in force. The misconception of the reviser, as we respectfully think it was, has been naturally the cause of much expensive and fruitless litigation, of which the present action and those on like questions decided at last Term, are witnesses. But these arguments against the expediency of the Act do not establish that it is unconstitutional in the part that we are considering. To receive and file a petition,

33

and to appoint appraisers, are not necessarily judicial powers, as was said in *Flat Swamp & Lock's Creek Co.* v. *McAllister*, 74 N. C. Rep., 159.

These Acts are rather ministerial than judicial. They involve no discretion, and determine no rights except by the acquiescence of the parties. We know of nothing in the Constitution which forbids the Legislature to grant such powers to County Commissioners, if it thinks proper to do so. Hence, the petition of McCrady and others was not *a nullity*. It has been removed into the Superior Court, where the parties can proceed on it as on a complaint, and the Judge can give them such relief as he legally may. The appraisement, for the reasons stated, is a nullity. We think the order enjoining the plaintiffs was erroneous. There was no pretence of a judgment by the Commissioners authorizing the plaintiffs to cut the proposed canal, and no allegation in the application for a *recordari*, that the plaintiffs threatened, or were about to do so. Such an act would have been a trespass, and Courts will not, in general, enjoin a bare trespass.

Judgment below reversed, and case remanded, to be proceeded in according to this opinion, which will be certified, &c. Neither party will recover costs in this Court.

PER CURIAM.                    Judgment reversed.