1. Can the city of Raleigh contract a debt for necessaryexpenses, without a vote of a majority of the qualified (271) voters therein?
Answer: Yes. Art. VII, sec. 7 of the State Constitution; Wilson v.Charlotte, 74 N.C. 748, and the cases there cited. *Page 204 
2. Was the debt contracted in this case for necessary expenses?
Answer: Yes. It is true that the complaint does not set out in detail
what the debts were for; but generally that they were for the ordinary city purposes, as work on streets, wells, cemeteries, etc., and to pay the police. And the complaint offers for excuse for not stating, in detail, that he had given up the original orders to the defendant, and taken in their stead the bond sued on. The answer denies, for the purposes of this suit, that the debts were for necessaries. In the absence of fraud or collusion, the admission of the defendant must be the best evidence.Mitchell v. Township, 71 N.C. 400.
3. Having contracted a debt for necessaries, can the city issue a bond as evidence thereof and as security therefor?
Answer: Yes. City ordinance, 1862. And, furthermore, the general rule is, that when a body is authorized to contract a debt, it is implied that the usual evidence or security may be given.
4. Is the debt sued on a part of the "present debt of the city?"
Answer: Yes. Self-evident.
5. Does the Funding Act of 1875 require the sanction of the popular vote?
Answer: No. The act does not require it in terms, and the debt being for necessaries, as already said, the Constitution, Art. VII, sec. 7, does not require the popular vote. Wilson v. Charlotte, supra.
6. If the city exercise its powers of taxation to the uttermost, and the amount realized is not more than sufficient to pay current expenses, can any portion of it be diverted to the payment of antecedent debts?
(272) Answer: No. Because that would be to destroy the city. In such case the creditor would have to wait until a surplus should accrue, just as any other creditor has to wait upon an impecunious debtor. And every creditor is presumed to know the extent of the power to tax and the means to pay on the part of the city at the time of the contract. This may make it necessary for the city, at the time of levying the taxes, to determine what part, if any, may be paid in coupons, etc., where such are outstanding receivable in taxes.
7. An alternative, and not a peremptory mandamus is the proper judgment, because the city may have good cause to show why it cannot pay now, and to explain when and how it can pay.
PER CURIAM. Affirmed.
Cited: Fowle v. Raleigh, post, 273; Gas Co. v. Raleigh, post, 274; Youngv. Henderson, 76 N.C. 422; McCless v. Meekins, 117 N.C. 38; Mayo v.Comrs., 122 N.C. 8, 17; Smathers v. Comrs., 125 N.C. 487; Edgerton v.Water Co., 126 N.C. 97; Greensboro v. Scott, 138 N.C. 184; Wharton v.Greensboro, 146 N.C. 360; Charlotte v. Trust Co., 159 N.C. 390. *Page 205