W. H. & R. S. TUCKER v. THE CITY OF RALEIGH.

Article VII, sec. 7 of the Constitution does not require that a debt, con tracted for necessary expenses by a city or town, shall be submitted to a vote of the qualified voters therein.

When a body is authorized to contract a debt, it is implied that the usual evidence or security must be given: *Hence,* having contracted a debt for necessary expenses, a city can issue a bond as evidence thereof and as security therefor.

When a city is sued upon such bond, wherein it is admitted that the consideration thereof was for necessary expenses, in the absence of fraud or collusion, such admission is the best evidence of the fact.

The Act ratified the 16th day of February, 1875, authorizing the City of Raleigh to fund its present debt, did not require the sanction of a popular vote to make it valid.

When a city exercises its powers of taxation to the utmost, and the amount realized is not more than sufficient to pay necessary current expenses, no portion of such taxes can be diverted to the payment of antecedent debts.

(*Wilson* v. *City of Charlotte*, 73 N. C. Rep., 748; *Mitchell* v. *Township*, 71 N. C. Rep., 400, cited and approved.)

CIVIL ACTION, tried before WATTS, J., at January Term, 1876, of WAKE Superior Court.

The complaint alleged substantially the following facts: . That prior to the 11th day of June, 1872, the defendant contracted various debts to divers persons for necessary expenses incurred in performing its municipal functions, amounting in the aggregate to three hundred dollars, and issued to each of said persons its written order, signed by the Mayor and countersigned by the Treasurer of the city, requiring said Treasurer to pay to the order of such person the amount of money due him by said city, which orders in the aggregate amounted to the sum of three hundred dollars.

That on the 11th day of June, 1872, each and all of said creditors, for a valuable consideration paid to each of them, assigned their claims against the defendant to the plaintiff,

and by endorsement thereon transferred the same to the plaintiff.

On the 1st day of July, 1872, the plaintiff surrendered to the defendant each and all of said orders, and accepted on account of the debt then due the plaintiff, three several bonds signed by the then Mayor and countersigned by the then Treasurer of said city and sealed with the corporate seal thereof, bearing date the 1st day of July, A. D. 1872, whereby the defendant promised to pay to the plaintiff, or bearer, three several sums of one hundred dollars, one year from the date of each of said bonds ; each of which bonds was issued in pursuance of an ordinance of the city of Raleigh to pay the necessary expenses thereof.

After the 1st day of July, 1873, and before the institution of this action, the plaintiff presented each and all of the bonds aforesaid to the Treasurer of said city and demanded payment thereof, but payment of the same, or any part of the same, and of every part thereof, and no part of any one of the said bonds, except the interest thereon, which was eight per centum per annum, up to the 1st day of July, 1873, has been paid to the plaintiff.

That by an act of the General Assembly, ratified the 16th day of February, 1875, it was provided : " That the Board of Aldermen may, in its discretion, abolish the office of the Commissioners of the Sinking Fund, and make suitable provision for the payment and management of the city debt. That the Board shall fund the present debt of the city by issuing bonds payable in twenty and thirty years at six per centum interest, with coupons payable semi-annually, receivable for taxes or other indebtedness to the city. And the Board shall contract no debt of any kind, unless the money is in the treasury for its payment, except for the necessary expenses of the city government, until the taxes for the payment thereof can be collected.

The plaintiff's demand for three hundred dollars, with

interest thereon at the rate of eight per centum per annum from the 1st day of July, 1873, until paid, constitutes a part of what is called in said act, " the present debt of the city."

Before instituting this action, and after the ratification of said act, the plaintiff demanded of the defendant that it should fund the said claim, or otherwise make provision for its payment, or pay the same, with which demand the defendant refused to comply ; but on the contrary the question of funding the debt aforesaid, as well as other like debts, has been submitted to the qualified voters of the city at an election regularly and lawfully held for deciding said question, and a majority of the qualified voters thereof have voted not to fund said debts.

The plaintiff demands judgment :

1. For three hundred dollars and interest thereon, &c.

2. For a *mandamus* commanding the defendant that unless it show good cause to the contrary when called by the court, it pay, or cause to be paid by the officers of the city, the said judgment with interest thereon from the date of its rendition until paid, and that upon its failure to show such cause, it be absolutely and peremptorily commanded by the court to pay as aforesaid.

3. For costs, &c.

The answer of the defendant alleges substantially the following facts :

That the defendant is not informed by the complaint what was the specific consideration of the orders therein mentioned, and therefore denies that the same were issued for the necessary expenses of the city.

That the Constitution, Art. VII, Sec. 7, that no city shall contract a debt, &c., unless by a vote of the qualified voters therein, and that by said section the city was prohibited from issuing said bonds and the same are void.

By the charter of the defendant it is restricted to the limitation of taxation therein specified, and from all the

sources of revenue given to the defendant in said charter, it is barely able to pay the necessary current expenses of the city, and if the defendant is compelled to pay the debt attempted to be contracted by former Boards, the city will not have sufficient revenue to carry on its government. The plaintiff had full knowledge of these limitations at the time said debt was contracted.

.The taxes levied for the current year were levied solely to pay the current expenses of the city, and not to pay the debts contracted by former Boards; and that all of the taxes which could be levied under the charter were levied, and the total amount is necessary to carry on the government of the City.

The Act of the General Assembly requiring the defendant to fund the debt of the City, required the approval of the qualified voters of the City, under the Constitution, and a majority thereof voted not to fund said debts; but if the Court shall decide that the bonds, mentioned in the complaint, are valid, and a part of " the present debt," and the Act does not require the approval of the popular vote, then the defendant will issue the refunding bond demanded.

The prayer for judgment is not warranted by the complaint.

The plaintiff demurred to the answer, " for insufficiency in not stating facts sufficient to constitute a defence to the case made by the complaint, and the relief demanded therein."

Upon the hearing, his Honor sustained the demurrer, and rendered judgment, as prayed for in the complaint. The defendant appealed.

*Busbee & Busbee*, for the appellant.
*Haywood, Fowle* and *Snow*, contra.

READE, J.    1. Can the City of Raleigh contract a debt

for *necessary expenses*, without a vote of a majority of the qualified voters therein ?

Answer : Yes.    Art. VII, sec. 7 of the State Constitution ; *Wilson* v. *City of Charlotte*, 74 N. C. Rep., 748, and the cases there cited.

2. Was the debt contracted in this case for *necessary expenses ?*

Answer : Yes.    It is true that the complaint does not set out in *detail* what the debts were for ; but generally that they were for the ordinary city purposes, as work on streets, wells, cemeteries, &c., and to pay the police.    And the complaint offers for excuse for not stating, in detail, that he had given up the original orders to the defendant, and taken in their stead the bond sued on.    The answer denies, for the purposes of this suit, that the debts were for necessaries, but admits the bond.    The bond expressly states that the debts were for necessaries.    In the absence of fraud or collusion, the admission of the defendant must be the best evidence. *Mitchell* v. *Township*, 71 N. C. Rep., 400.

3. Having contracted a debt or necessaries, can the City issue a bond as evidence thereof and as security therefor ?

Answer : Yes.    City ordinance, 1862.    And, furthermore, the general rule is, that when a body is authorized to contract a debt, it is implied that the usual evidence or security may be given.

4. Is the debt sued on a part of the " present debt " of the City ?

Answer : Yes.    Self evident.

5. Does the Funding Act of 1875 require the sanction of the popular vote ?

Answer : No.    The Act does not require it in terms, and the debt being for necessaries, as already said, the Constitution, Art. VII, sec. 7, does not require the popular vote. *Wilson* v. *City of Charlotte*, supra.

6. If the City exercise its powers of taxation to the ut-

most, and the amount realized is not more than sufficient to pay necessary current expenses, can any portion of it be divided to the payment of antecedent debts?

Answer: No. Because that would be to destroy the city. In such case, the creditor would have to wait until a surplus should accrue, just as any other creditor has to wait upon an impecunious debtor. And every creditor is presumed to know the extent of the power to tax, and the means to pay on the part of the City at the time of the contract. This may make it necessary for the City, at the time of levying the taxes, to determine what part, if any, may be paid in coupons, &c., where such are outstanding receivable in taxes.

7. An alternative, and not a peremptory *mandamus*, is the proper judgment; because the City may have good cause to show why it cannot pay now, and to explain when and how it can pay.

There is no error. This will be certified.

PER CURIAM. Judgment affirmed.