McCLESS v. MEEKINS.

B. V. McCLESS *et al* v. J. C. MEEKINS *et al.*

*Injunction — Pleading — Practice — Municipal Debts— Necessary Expenses—Power of County Commissioners to Fund—Special Taxes — Obligation of Contracts— Constitutional Law.*

1. Where there is reason to apprehend that the subject of a controversy in equity will be destroyed, removed or otherwise disposed of, pending the suit, so that the complainant may lose or be hindered or delayed in obtaining the fruit of his recovery, the court will, in aid of the equity, secure the fund by injunction.

2. In an action to have the funds raised by a special tax applied to the purpose for which it was levied, to-wit, the payment of county bonds issued in settlement of debts incurred by the county, the complaint alleged that the county orders, to fund which the bonds were issued, were "valid and overdue;" *Held,* That such allegation was sufficient without specially alleging that the orders were given for the necessary expenses of the county, or by the sanction of a majority vote of the qualified voters of the county.

3. Where, in an action to have the funds raised by a special tax for the payment of county bonds, into which county orders had been funded, applied for that purpose, there is nothing in the pleadings to show that such county orders were *not* issued for the necessary expenses of the county, it cannot be urged as an objection to the complaint that it does not state that the orders were issued for such necessary expenses, the presumption being that the commissioners who issued the orders acted in good faith and within the scope of their authority under the Constitution and laws.

4. The commissioners of a county have the right to issue county bonds in the place of orders previously issued for the necessary expenses of the county, without obtaining the sanction of a majority vote of the qualified voters of the county.

5. Section 7, of Article VII, of the Constitution, does not require that an act of the General Assembly, authorizing a special tax to pay debts of the county contracted for necessary expenses, shall provide for the submission of the matter to a vote of the people.

6. An act of the General Assembly may be constitutional in part and, in part, unconstitutional; therefore—

7. An act of the General Assembly (Ch. 257, Acts of 1889) authorizing county commissioners to fund the indebtedness of the county by issuing bonds and to levy a special tax for paying them, is valid in so far as it is applicable to indebtedness incurred for necessary expenses, but in so far as it relates to indebtedness not so incurred, it is in conflict with Section 7, Article VII, of the Constitution.

8. Chapter 257, Acts of 1889, authorized the levy and collection of a special tax for the payment of certain county bonds; Chapter 278, Acts of 1895, directed that the special tax collected under the said act of 1889 should be turned into the general county fund; *Held,* That the act of 1895 is without effect, being in conflict with Section 7, Article V, of the Constitution, which provides that every act of the General Assembly levying a tax shall state the special object to which it is to be applied.

9. An act of the General Assembly authorizing the levy of the requisite taxes to pay municipal bonds and in force when the bonds are issued, enters into and becomes a part of the contract under which the bonds are delivered and taken, and cannot be annulled by subsequent legislation.

McCless *v.* Meekins.

Action by B. V. McCless *et al* against J. C. Meekins, Sr., Treasurer of Tyrrell county, and others, for a writ of *mandamus* to compel the defendant, J. C. Meekins, Sr., as Treasurer of Tyrrell county, and others, to apply a special tax fund to payment of bonds held by plaintiff and for an injunction to restrain the defendant, Meekins, Treasurer, from turning the fund into the general fund of the county pending the action, heard before *Brown, J.*, who continued the injunction to the hearing and defendant appealed. The facts sufficiently appear in the opinion of Associate Justice Montgomery.

*Mr. J. H. Blount*, for plaintiffs.
*Mr. W. B. Rodman*, for defendants (appellants).

Montgomery, J. : The main object of this action is to restrain the defendant, Meekins, who is the Treasurer of Tyrrell county, from paying into the general County Treasury a special tax fund which the plaintiff alleges was collected for the benefit of himself; he also alleges that if this fund is so disposed of he will be without remedy because of the large indebtedness of the County, and because of the constitutional limitation which prevents a sufficient levy of taxes to pay its necessary current expenses. The answer does not fully deny this allegation, nor did the defendant file before his Honor affidavits for any purpose on the motion for the order of restraint. So it seems that if the order should be vacated, the action would to all intents and purposes be dismissed. It is unnecessary to cite the numerous decisions of this Court sustaining the proposition in *Parker* v. *Grammer*, Phillip's Eq., 28, that "Where there is reason to apprehend that the subject of a controversy in equity will be destroyed or removed, or otherwise disposed of by the defendant pending the

suit, so that the complainant may lose the fruits of his recovery. or be hindered and delayed in obtaining it, the court, will, in aid of the equity, secure the fund, &c."

In this case however, whether or not there was error in the granting of the order by his Honor depends upon the power of the Board of Commissioners to issue bonds in substitution of county orders given for the necessary expenses of the county, without the sanction of a majority of the qualified voters, and also upon the constitutionality of two Acts of the General Assembly, one, Chapter 257 of the Acts 1889, and the other Chapter 278, of the Acts 1895.

Before we discuss the force of these acts, we will notice another question raised by the defendants as to the sufficiency of the complaint in matter of substance : the defendant contends that as the complaint does not show that the county orders, for which bonds were issued, were given for the necessary expenses of the County or by the sanction of a majority vote of the qualified voters of the County, they (the orders) are therefore void. The complaint alleges that the orders were *valid* and overdue, and this would seem to be sufficient pleading, because any County order issued by the Commissioners, without a popular vote, for any debt or obligation of the County, except for necessary expenses, would be invalid. But if not, we think that the objection is not well taken. There is nothing in the pleadings tending to show that the orders were not issued for the necessary expenses of the County, except an averment in the answer to that effect based expressly on the failure of the plaintiff to so allege, and not as a substantive fact. The presumption is that the Commissioners acted in good faith and within the scope of the authority conferred upon them under the Constitution and laws. Of course if it should appear on the trial of this action that the orders were issued by the Commissioners for any other

consideration except necessary expenses, the orders would be void, and the plaintiff would not be entitled to the relief he seeks. The presumption then being in favor of the validity of the orders and that they were issued for necessary County expenses, we come to the question, did the Commissioners have the right to issue bonds in the place of the County orders, unless they were authorized to do so by a vote of the majority of the qualified voters? The answer is Yes. In *Tucker* v. *Raleigh*, 75 N. C., 267, this Court had under consideration Article VII, Sec. 7, of the Constitution, and decided not only that the city had the power, without the sanction of a popular vote, to contract a debt for its necessary expenses, but that it also had the right to acknowledge the debt by the issue of an order on the treasurer of the city for its payment, and also to substitute a bond of the city for the orders which it had previously issued for the same debt. It was also held in that case that "the general rule is that where a body is authorized to contract a debt, it is implied that the usual evidence or security may be given." In addition, it may be said that if legislative authority had been necessary for the issue of the bonds to pay necessary expenses, it was had by the Act of 1889, Ch. 257.

The answer does not clearly make the averment that the Act of 1889, in authorizing the levy and collection of a special tax to pay the indebtedness of the County without a popular vote being provided for violates Art. VII., Sec. 7, of the Constitution. But as the question is of interest to the entire County and the plaintiff relies upon the Act itself and the conformity thereto of the magistrates and the Board of Commissioners in levying the tax to have this fund subjected to his debt, we will take up this phase and pass upon it. Article 7, Sec. 7, of the Constitution does not require that an Act of the General Assembly which

McCLESS v. MEEKINS.

authorizes a special tax to pay debts ·of the County con-
tracted for its necessary expenses shall require the matter
to be submitted to a vote of the people.

The Act provides, among other things : "Section 1.
That for the purpose of settling and paying the lawful
indebtedness of Tyrrell County outstanding_____it shall be
lawful for the Board of Commissioners of said County to
fund the same by issuing the bonds of the County to the
amount of ten thousand dollars,_____the said bonds to run
from one to ten years_____Section 2. That in order to pay
the said bonds and interest, the board of commissioners in
joint session with the justices of the peace of the County
shall levy annually a special tax sufficient to pay the
same_____" We have already said that the commissioners
would have no right to issue bonds without a popular vote
unless for necessary expenses. Neither would the legisla-
ture have the power to authorize them to do so. It seems
from the perusal of the Act that power was intended to be
given to the commissioners to issue bonds for any and all
indebtedness of the County, whether incurred for necessary
expenses or not. This power will not be conferred by the
legislative power, for such an attempt would be directly in
conflict with article VII, Section 7, of the Constitution.
But we see no reason why the commissioners should not be
allowed, under the Act, to fund the County debt and issue
bonds for that part of the same which was contracted for
necessary expenses, without a popular vote, even if they
had not the power given to them expressly under the Con-
stitution and other laws than the Act of 1889. An act
of the legislature can be constitutional in part, and in part
unconstitutional. *McCubbins* v. *Barringer*, Phillips, 554 ;
*Johnson* v. *Winslow*, 63 N. C., 552. The presumption then
being as we have already seen that the bonds of the plain-
tiff are valid and based on County orders wl. .' . are

McCLESS v. MEEKINS.

issued for necessary County expenses, and the plaintiff having alleged that the bonds were delivered to him in accordance with the provisions of the Act of 1889, and that the special tax fund, now the subject of controversy, was the fruit of a levy and collection in accordance with the Act, we conclude that the plaintiff is entitled to have this fund kept intact until the final trial of this action, unless, as the defendant contends, the act is repealed by the subsequent act of 1895, Ch. 278. We are of the opinion that the Act of 1895 is without effect, because it is against the provisions of Article V, Section 7, of the Constitution, which is in these words: "Every Act of the General Assembly levying a tax shall state the special object to which it is to be applied and it shall be applied to no other purpose." Besides, if the plaintiff's complaint be true, the Act of 1889 entered into and became a part of the contract, as much so as the expressed agreement of the parties, and the Act of 1895 seeks to impair the obligation of the contract. This cannot be done. Art. 1, Sec. 10, Const. U. S. In *Vann Hoffman* v. *City of Quincy*, 4th Vol., 555, the Supreme Court in discussing this principle said: It is equally clear that where a state has authorized a municipal corporation to contract and to exercise the power of local taxation to the extent necessary to meet its engagements, the power thus given cannot be withdrawn until the contract is satisfied. The State and the corporation in such cases are equally bound. The power given becomes a trust which the donor cannot annul and which the donee is bound to execute; and neither the State nor the corporation can any more impair the obligation of the contract in this way than any other. Laws requiring taxes to the requisite amount to be collected to pay municipal bonds which were in force when the bonds were issued, cannot

be annulled by subsequent legislation." There is no error in the granting of the restraining order.

No Error.