A warrant was issued by the mayor of the town of Marion upon the following complaint, sworn to by J. M. Patton, the marshal of the town:
"That J. L. Clay did, on 12 October, 1895, abuse J. M. Patton by calling him a coward and challenging him to enter into a fight (the said J. M. Patton being marshal of the town of Marion, N.C. and in the execution of his office at that time), in violation of an ordinance (section 24 of the ordinances in force in the said town of Marion, N.C.), contrary to the statute in such case made and provided, and against the peace and dignity of the State."
Defendant was adjudged to be guilty and a fine of $25 imposed, and he appealed to the Superior Court.
The town ordinance, for a violation of which the defendant was charged, is as follows:
"Ordinance No. 24: It shall be unlawful for any person to abuse or insult any officer of the town or member often (1235) police while in discharge of his duty, and on conviction shall pay a fine of $25."
J. M. Patton was introduced for the State and testified: That on . . . . day of October, 1895, he was in the store of Nichols Bro.; that when he came into said store the defendant, being in said store at the time, and looking toward the witness, who was at that time town marshal of said town of Marion, remarked that he "only wanted one or two words out of that man"; that at the time there were several persons in the store, but no one came in at the time except the witness; that while witness was in said store the defendant was snarling at the witness, grating his teeth at him (witness); that witness left the store, and in a few minutes walked into the store of one Swindell, where he found defendant talking to Swindell; that immediately upon the witness entering the store the defendant remarked that "he smelt *Page 786 
a sneak" (looking in the direction of and at witness, marshal), and that "he could always tell when a sneak entered the house"; the defendant walked up in front of witness and remarked to witness, "Don't you like it?" whereupon the witness remarked that he (the defendant) could act the fool without putting himself to so much trouble, when the defendant remarked that he (defendant) did not visit disorderly houses; that witness replied that if defendant meant that witness did so, he (defendant) told a damn lie, when the defendant challenged witness to go out and pull off witness' billy, badge and pistol, and to fight witness, and stepped two or three paces towards witness, when witness backed a step or two; that witness then left the store, and in a short time went into the drug store, (1236) where he again saw defendant; that when witness came into the store defendant asked Dr. Morphew if he "had any pills that would work a dog out of the house," and remarked that there was a dog in the house, and made some remark about his younger brother having been arrested, and also said Patton (the marshal and witness in this case) was made because the defendant had beaten him with a young lady. Said marshal further testified that he was on duty at the time that all these acts occurred, and that they all occurred one evening before 10 o'clock, and in a short space of time.
Verdict of guilty. Defendant moved to arrest the judgment because the ordinance is void, and appealed from the refusal of the motion.
The authority to adopt ordinance No. 24 depends upon The Code, sec. 3799, which reads: "They (the commissioners) shall have power to make such by-laws, rules and regulations for the better government of the town as they may deem necessary, provided the same be not inconsistent with this chapter or the laws of the land." Upon reflection, and upon a fair construction, we do not think it was in the mind of the Legislature to confer jurisdiction on the commissioners to such an extraordinary extent, and upon such facts as are disclosed in this record, and we think the defendant's motion should have been allowed. S. v. Horne, 115 N.C. 739.
Judgment Arrested.
Cited: Edgerton v. Water Co., 126 N.C. 98. *Page 787 
(1237)