Error.

CITY OF CHARLOTTE v. E. D. SHEPARD et al.

*Municipal Bonds—Act Authorizing Issue of Bonds Without Authorizing Levy of Taxes for Their Payment—Power to Issue Bonds—Power to Levy Taxes—Implied Authority— Necessary Expenses.*

1. Where an act of the General Assembly authorized a municipality to issue bonds for city purposes with the consent of a majority of its qualified voters therein, but did not provide for the levy of a tax to pay the interest accruing on and the principal of the bonds at maturity, an election held under such act was only an election concerning the issue of bonds and not concerning the consent of the voters to a levy of taxes to pay the principal and interest.

2. The power given by a statute to a city to issue bonds with the approval of a majority of the qualified voters of the city does not confer, by implication, the power to levy a tax to pay them unless the power to levy such tax has been conferred by the act authorizing the issue and ratified by a vote of the people, as required by Section 7, Article 7, of the Constitution.

3. Chapter 7, Private Laws of 1866, chartering the city of Charlotte, authorized the city to issue bonds not exceeding $200,000 for any purpose promotive of the public good, and to levy a tax for their payment. Chapter 40, Acts of 1881, amending the Act of 1866, authorized the creation of a public debt and required the Board of Aldermen to provide a water supply. By the latter Act taxation by the city for all purposes was limited to one dollar on the $100 valuation of property. Chapter 252, Acts of 1891, authorized the city to issue coupon bonds for such purposes as in the opinion of the Aldermen would promote the general good and welfare of the city. Neither the Act of 1881 nor that of 1891 specifically author-

ized the levy of taxes to pay the bonds thereby authorized. Nearly, if not quite, all the bonds authorized by the Act of 1866 have been issued and the taxes authorized to be raised thereby up to the limit fixed by the Act of 1881 will not be more than sufficient to pay the ordinary or current expenses of the city and interest on bonds already issued ; *Held*, that authority to levy taxes for the payment of additional bonds issued under the provisions of the Acts of 1881 and 1891 cannot be derived from the Act of 1866.

4. The furnishing of a water supply for a city is not a "necessary expense" within the meaning of Section 7, Article 7, of the Constitution.

CONTROVERSY submitted to the court without action, under Section 567 of *The Code*, and heard before *Norwood*, *J.*, at CHAMBERS, on the 6th day of April, 1897. His Honor adjudged that the city of Charlotte had the power to issue the bonds mentioned in the case agreed and to levy taxes for their payment, and gave judgment for the plaintiff, from which defendants appealed.

*Messrs. Burwell, Walker & Cansler*, for plaintiff.
*Mr. James A. Bell*, for defendants (appellants).

MONTGOMERY, J.: This is a controversy submitted without action upon a case agreed under Section 567 of *The Code*, between the plaintiff, the city of Charlotte, and Shepard & Co., the *defendants*, arising out of an agreement of the defendants to purchase from the plaintiff certain coupon bonds of the amount of $250,000 to be issued by the city, the proceeds to be used by the city for the purpose of providing a supply of water and a system of sewerage. It was agreed, at the time of the contract, to purchase the bonds, that the said E. D. Shepard & Co. would not be required, under the contract, to take the said bonds and pay the amount agreed to be paid therefor, if the said city of Charlotte did not have the power, by virtue of the said Acts of the General Assembly and the said election, to

issue said bonds, nor if the city of Charlotte, through the proper authorities, did not have full power under the said acts of the General Assembly, to levy the necessary taxes to pay the interest as it shall accrue and the principal at maturity, notwithstanding there is no express power in the said Act of 1891 to levy a tax to pay the bonds and interest, and notwithstanding the tax limit of one dollar on the hundred prescribed in paragraph one of Section 29 of the Act of March 1, 1881; nor if the bonds would not, when issued and sold and payment received therefor, be the valid and binding obligations of the plaintiff.

An election was held in Charlotte in February, 1896, at which the question of the issue of the bonds was submitted, and a majority of the qualified voters of the city voted in favor of the issue.   Afterwards the bonds were prepared in proper form and tendered to the defendants, who refused to receive them, upon the grounds that "under the Acts of the General Assembly and the election held in pursuance thereof, the said city of Charlotte did not have the power to issue the said bonds; and further, that if the said city of Charlotte had the power to issue the said bonds, it did not have the power and authority, under the said Acts of the General Assembly, to provide by taxation a sufficient sum to pay the interest on the said bonds as it accrues, and to pay the principal at maturity; it being agreed by the parties that the taxes authorized to be raised under Section 19 of the said Act of 1866, and Section 29 of the said Act of 1881, will not be sufficient to pay the ordinary or current expenses of the city, and also the interest and principal of the said bonded indebtedness, and that unless Section 27 of the said Act of 1866 is now in force, or unless the power to provide a fund for the payment of the principal and interest of said bonded indebtedness by taxation is otherwise provided for in said Acts, or necessarily implied

from the power to issue said bonds, the authority is not conferred upon the said city to levy taxes sufficient to pay the interest as it accrues upon the said bonds sold to the defendants and the principal at maturity.''

The plaintiffs contend that they had the right to issue the bonds under the provisions of Chapter 7 of the Private Laws of 1866; Chapter 40 of the Private Laws of 1881; Private Acts of 1887, Chapter 180; Private Laws of 1891, Chapter 252. The last Act provided that the whole bonded indebtedness of the city for all purposes should not exceed at any one time the sum of $500,000; and it is admitted that the whole bonded indebtedness of the city, if it should be made to include the issue of the bonds, the subject of this action, would not exceed the sum of $500,000. The Act of 1866 need not be considered in this connection, as the amount for which the bonds of the city of Charlotte could be issued and their payment provided for by taxation under that Act, was limited to $200,000, and it is agreed that the most, if not all, of that amount has been heretofore issued. The Act of 1887 only amends the Act of 1881 by conferring upon the Aldermen the power to improve the sewerage service of the city and can also be eliminated from this controversy. The Acts of 1881 and 1891, referred to above, conferred a general power upon the Aldermen to issue bonds for city purposes, including that of providing for water; the Act of 1881, not stating the amount for which bonds might be issued, and the Act of 1891 limiting the amount of issue so that the indebtedness of the city should not exceed $500,000. Neither the Act of 1881 nor that of 1891 contains any provision allowing or authorizing the city authorities to levy any tax or taxes to pay the interest or principal of such bonds as might be issued under their provisions. If it should be · conceded that the election, which was held in the city on

the question of the issue of the bonds was regular and authorized (about which it is not necessary for us to express an opinion), it was only an election concerning the *issue of the bonds* and not concerning the consent of the voters that the Board of Aldermen might levy a tax to pay the bonds. That question was not submitted to a vote, nor was it voted upon.   The plaintiffs, however, contend that the question of the issue of the bonds having been submitted to a vote, and the vote having been in the affirmative, the power to levy a tax for the payment of the interest and principal of the bonds was thereby conferred on the Aldermen by implication of law, and that it was not necessary, therefore, to have the power to tax expressly conferred on them.   The defendants deny the correctness of this view of the law and insist that, while the bonds may have been properly issued, yet, that under the election the Aldermen had conferred on them only the naked power to issue the bonds, and that they are not clothed with the authority to make the bonds of the highest value by being able, under a power legally conferred, of levying a tax for their payment, as was understood should be done when the contract to purchase was made; and that, therefore, under the agreement of purchase made between the defendants and the plaintiff, the defendants are not compelled to take any pay for the bonds.   The question then necessary for us to decide is, does the power to issue the bonds, without the express authority having been conferred by law and ratified by a vote of the qualified voters of the city to levy a tax to pay the bonds, confer by implication upon the Aldermen the power to levy taxes for their payment?   We think the Aldermen had no such authority by implication. Section 7, Article VII of the Constitution, forbids the levy of any tax by any county, city, town or other municipal corporation, except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein.

CITY OF CHARLOTTE *v.* SHEPARD.

· The authorities relied on by the plaintiff to support its contention, upon by examination, are found to have no application to the facts of this case. In *Ralls* v. *U. S.*, 105 U. S., 733, the court said: "It must be considered as settled in this court that when authority is granted by the legislative branch of the government to a municipality, or a subdivision of a State, to contract an extraordinary debt by the issue of negotiable securities, the power to levy taxes sufficient to meet, at maturity, the obligation to be incurred is conclusively implied, unless the law which confers the authority or some general law in force at the time clearly manifests a contrary legislative intention." In *that* case there was no such special limitation. In the case *before us* there is such special limitation. Const. Art. VII, Sec. 7. This question was not involved in *Wood* v. *Oxford*, 97 N. C., 227.

The plaintiffs, however, further contend that if the first position of law is not tenable, then the Aldermen have power to levy a tax for the payment of the bonds without submitting that question to a vote, because the furnishing of water to the people, which the Aldermen are empowered to do under the Act of 1881, is a necessary city expense. If that last proposition were true, then there would be no difficulty about the matter, and the defendant would be compelled to receive the bonds and pay for them. But we think that the furnishing of a supply of water to the people of the city is not in itself a necessary expense in the sense that the city must own and operate a system of water works.

· We are of the opinion that the plaintiff cannot make a tender of the bonds according to the agreement between it and the defendants, and that the defendants are not bound by the agreement to purchase the bonds. There is error in the judgment of the court below and the same is reversed.

Reversed.