W. B. RODMAN et al. v. TOWN OF WASHINGTON.

(Decided May 17, 1898).

*Municipal Corporation—Necessary Expenses—Public Schools—Taxation—Constitutionality of Statute.*

1. The support of public schools is not a necessary expense of a municipal corporation within the meaning of Section 7, Article VII of the State Constitution.

2. The support of public schools not being a necessary expense of a municipal corporation, an Act of the General Assembly providing for submission to a popular vote of the question of the levy and collection of a tax upon property and polls within the municipality, in excess of the Constitutional limit, for the maintenance of public schools, is void (so far as it relates to such taxation) unless passed with the formalities prescribed by Section 14 of Article II of the State Constitution.

CIVIL ACTION instituted by the plaintiff in the Superior Court of BEAUFORT County to restrain the defendants from collecting a tax levied under the provisions of Chapter 343, Acts of 1897, for the support of graded schools in the town of Washington. A temporary restraining order was granted by *Brown, J.,* on the 12th day of October, 1897, and was by consent transferred to and heard before *Bryan, J.,* at CHAMBERS in Greenville, N. C., on the 13th January, 1898, who rendered judgment restraining the taxes referred to in the affidavit of plaintiff, and defendants appealed. The affidavit, among other things, alleges that the Act (Chapter 343, Acts of 1897) "is unconstitutional and void in so far as the

same purports to authorize and empower the Commissioners of the Town of Washington to levy a tax for any such purpose as therein set out, for that the said bill was never read three several times in each House of the General Assembly, and never passed three several readings in the Senate, nor were there three several readings in the Senate on three different days, and the yea and nay vote was not taken on the second and third readings of said bill in the Senate and entered on the Journal of said Senate."

*Messrs. W. B. Rodman* and *Shepherd & Busbee*, for plaintiffs.

*Mr. John H. Small*, for defendant (appellant).

FURCHES, J.: The plaintiff, a citizen and tax-payer of the town of Washington, brings this action to restrain the defendant from collecting certain taxes levied for school purposes under an Act of the General Assembly of North Carolina, being Chapter 343, Acts of 1897. This Act in terms authorizes the defendant to levy and collect a special tax, for school purposes, over and above the constitutional limitation. And under the provisions of said Act the defendant has levied and is proceeding to collect 20 cents on the $100 of taxable property and 60 cents on the taxable polls within the corporate limits of said town. Plaintiff alleges that this tax is unlawful and void and asks that its collection be restrained and enjoined.

Plaintiff puts his claim for this relief upon two grounds: First, that the Act under which defendant claims the right to levy and collect this tax is included in the provisions of Article II, Section 14, and Article VII, Section 7, of the Constitution of this State; that the yeas and nays were not taken and recorded on the

Journals of the House and Senate upon its passage as required by these Sections; and for that reason, the Act under which defendant claims its authority to levy and collect this tax is unconstitutional and void.

It was not contended on the argument for defendant that the yeas and nays had been taken and entered on the Journals as required by Article II, Section 14, and Article VII, Section 7, of the Constitution. But it was contended that this tax is a part of the necessary expense of the defendant town government, and does not fall under the requirements of Article II, Section 14, and Article VII, Section 7, of the Constitution.

It not being contended by defendant that the yeas and nays were taken and entered on the Journals, upon the passage of this Act, providing for the levy and collection of the special tax, which is above the constitutional limitation, it is void, unless it is for the necessary expenses of the defendant. *Bank* v. *Commissioners of Oxford*, 119 N. C., 214; *Commissioners* v. *Snuggs*, 121 N. C., 394; *Charlotte* v. *Shepard* at this term.

We have held that water works for the purpose of supplying a town with water was not a necessary expense of the corporation. *Charlotte* v. *Shepard*, 120 N. C., 411. And we have held at this term that an electric light plant for the purpose of furnishing the town with electric lights was not a necessary part of the corporate expense of a town. *Mayo* v. *Town of Washington*. And while we are in favor of public education, we cannot hold that a tax, over and above that provided for and required to be levied and collected by the Constitution, is a necessary corporation expense in the administration of the defendant corporation.

It therefore follows as a logical deduction from what we have said, that that part of said Act, authorizing the

levy and collection of this special tax, is unconstitutional and'void.

But it does not follow that the other parts and provisions of said Act are void, and we do not understand that the learned Judge who tried the case below so decided. *Russell* v. *Ayer*, 120 N. C., 180; *Gambill* v. *McCrady*, 75 N. C., 509. The consideration of the constitutional question involved, having determined the result of the action in favor of the plaintiff, we have not considered the other question presented and argued. If there is anything in that question, it is now of no practical importance, as we take it for granted that, if another Act is passed to authorize increased taxation in the town of Washington for school purposes, the parties interested in having it passed will see to it that the yeas and nays are properly taken and recorded and that proper provisions will be inserted for holding the election.

The judgment of the Court below is affirmed.

Affirmed.