J. B. EDGERTON v. THE GOLDSBORO WATER CO.; the MAYOR, ALDERMEN, and TREASURER OF GOLDSBORO.

(Decided March 6, 1900.)

*Waterworks—Necessary Municipal Expense—Illegal Taxes —Illegal Disbursement—Constitution, Article VII, Section 7—Injunction.*

1. It is not one of the necessary expenses of a city or town government to furnish the city or town with a supply of water.

2. The fact that the charter said it should be the duty of the city authorities to supply the city with water, does not make it a necessary expense, nor abrogate Art. VII, sec. 7, of the Constitution, which requires the sanction of a popular vote, except for necessary expenses.

3. The illegal disbursement of taxes illegally collected may be restrained by injunction.

CIVIL ACTION for an injunction order to enjoin the payment by the city authorities of Goldsboro of a claim of The Goldsboro Water Company, for water supply furnished, under contract, to the city, pending in the Superior Court of WAYNE County, and heard before *Robinson, J.,* at Chambers in Goldsboro, on January 9, 1900.

The plaintiff, as taxpayer, claimed that the furnishing of a water supply to the city was not a necessary expense, and was not incurred with the sanction of a popular vote, as required by the Constitution, Art. VII, sec. 7.

The defendants claimed that it was a necessary expense, and authorized and required by the city charter.

His Honor continued the temporary restraining order until the final hearing.

Defendants excepted and appealed.

*Mr. W. C. Munroe,* for appellants.

*Messrs. Allen & Dortch,* and *Aycock & Daniels,* for appellee.

FURCHES, J., writes the opinion of the Court.

CLARK, J., writes dissenting opinion.

FURCHES, J.   The plaintiff is a citizen and taxpayer of the city of Goldsboro, and brings this action to enjoin and restrain the city authorities from paying the defendant, The Goldsboro Water Company, $1,395, this being the semi-annual rental for water supplies furnished the city of Goldsboro by said water company, which the plaintiff alleges that the defendant city of Goldsboro is about to do.   The plaintiff alleges that this money was collected by the levy of taxes upon the citizens and property of said city, and can only be used and paid out for the lawful *necessary* expenses of the city gov-

ernment; that the furnishing of water to the city by the water company is not a *necessary* expense of the city government; and that the same was wrongfully and unlawfully levied and collected, and that it would be unlawful to pay the same to the defendant water company; that defendant city was never authorized by any special act of the Legislature to levy any such tax or to collect the same, or to submit a proposition to the voters of said city, and that, in fact, no such proposition has ever been submitted or voted upon by said city.

It is admitted by defendants that said money was levied and collected as a tax on defendant city; that there has been no act of the Legislature authorizing a submission of the question to the vote of the people, and that no such vote has been taken. And it is not denied but what the city was about to make the payment, as alleged by the plaintiff.

But the defendant alleges and says that the charter of the city of Goldsboro provides (Private Laws, 1899, chap. 171, sec. 27): "That among the powers hereby conferred on the Board of Aldermen, they shall provide water, provide for repairing the streets, etc.;" that this made it their duty to provide a supply of water for the city, and made water a legislative necessity, and did away with the requirement of Art. VII, sec. 7, of the Constitution; that so understanding the law the city contracted with the assignor of the defendant water company to furnish the city of Goldsboro a supply of water (as specified in said contract) for the public use of the city and for the private use of its citizens—the citizens paying a stipulated price for the use of the water; that under the terms of the contract the city was to pay the water company $2,790 per year in semi-annual installments, and the payment of the money sought to be enjoined is one of the semi-annual payments; that upon these facts the Court below granted the injunction, and the defendants appealed.

This presents a constitutional question—the power of the defendant city to levy, collect and pay out money. But it seems to us that it has been substantially decided by the recent adjudications of this Court. A city has no right to levy and collect a tax unless it has legislative power to do so. It has no powers except those given by legislative authority, in express terms or by necessary implication, in aid of express powers. 1 Dillon Mun. Corp., sec. 89, quoted with approval in *State v. Webber,* 107 N. C., 962.

But it is contended by defendant, as the charter of Goldsboro provides that it "shall have power to provide water for the city," that this is an express legislative power, and, the power being conferred, the courts will not undertake to direct or supervise the manner in which this shall be done. It must be conceded that if the first proposition be true that it had the power to levy and collect the taxes, the second proposition is necessarily true, and the courts can not, and will not, undertake to supervise their action as to the manner of its execution, unless a manifest abuse of power be shown.

It has been held by this Court that where a town levied a tax in aid of the common schools of the town, under and within the provisions of an act of the Legislature not passed according to the requirements of the Constitution, such levy is void, for the reason that the act had not been passed as provided by Art. II, sec. 14, of the Constitution—common schools not being one of the necessary expenses incident to the corporate government. *Rodman v. Washington,* 122 N. C., 39.

The Court has also held that an electric light plant was not a necessary expense incident to the government of a town, and that an attempt to establish one by the city, to be paid for and supported by taxation, without having the required

constitutional legislation, was *ultra vires*, and void.  *Mayo v. Commissioners,* 122 N. C., 5.

It has been held by this Court that a waterworks plant was not a *necessary* incident to the administration of the city government, and that an effort to levy and collect a tax out of the city for that purpose, without having the required legislative power to do so, was unconstitutional and void.  *City of Charlotte v. Shepard,* 120 N. C., 411, and this opinion was cited with approval in *Mayo v. Commissioners, supra.*

From these authorities it must be held that it is not one of the necessary expenses of a city or town government to furnish the city or town with a supply of water.  And we do not understand the defendants to seriously contend that this is not generally so, although they cite *Tucker v. Raleigh,* 75 N. C., 271; *Smith v. New Bern,* 70 N. C., 14, and *Smith v. Goldsboro,* 121 N. C., 352.  But it does not seem to us that these cases sustain the contention that the water contracted for in this case was a necessity to the town government.  In *Tucker v. Raleigh,* it appeared that a part of the little account sued on was for cleaning and repairing public wells.  This is covered by the case of *Spaulding v. Peabody,* 153 Mass., 129, cited with approval in *Mayo v. Commissioners, supra,* as being allowed by reason of ancient custom. The cases of *Tucker v. Raleigh* and *Smith v. Goldsboro,* are cited, discussed and disposed of in *Mayo v. Commissioners.* In *Smith v. New Bern, supra,* it is incidentally stated in the argument of the case  that the city would have the right to bore an artesian well.  If it had held that a city might have such a well, we do not think it would sustain the defendant's contention in this case.  But that was not the point in that case and was in no respect necessary to its decision, and it could, at most, be regarded as no more than an obiter.

7——126

But it was contended with earnestness by the defendants that because the charter said it should be the duty of the city authorities to supply the city with water, that this made it a necessary expense. We can not give our assent to this proposition. To put the most favorable construction upon this language, it can only mean that they should do so in a lawful way. To put the meaning upon this provisions of the charter that defendants contend for, would be to destroy the provisions of Art. VII, sec. 7, of the Constitution, which provides that "no county, city, town or other municipal corporation shall contract any debt, pledge its faith, or loan its credit, nor shall any tax be levied or collected by any officers of the same, except for the *necessary* expenses thereof, unless by a vote of the majority of the qualified voters therein."

If the Legislature had the power to make a thing *necessary* by saying that it should be done, or even saying that it was necessary, this wise provision of the Constitution would be utterly destroyed. It seems to us that this proposition is so self-evident that it needs no authority to support it. But we think it is sustained by *State v. Webber, supra.* In that case it was attempted to make the owners of certain houses guilty of keeping a house of ill-fame, whether they occupied them or not. The Court held this could not be done—that saying they were the keepers of such houses did not make them so. See *State v. Clay,* 118 N. C., 1234; *State v. Thomas, Ib.,* 1231.

The money sought to be enjoined has been collected, but it is still in the possession and control of the city of Goldsboro. But if it has been illegally levied and collected, the wrongful paying it out may be enjoined. *Commissioners v. Snuggs,* 121 N. C., 394. If the authority of the city to levy and collect this tax was doubtful (which to us does not seem

to be so) that doubt would have to be resolved against the defendants.    1 Dillon, *supra,* sec. 91 and note 2.

We are therefore of the opinion that the levy and collection of this money was *ultra vires* and unconstitutional; that to pay it out to the waterworks company, as it is proposed to do, would be unconstitutional and unlawful, and for this reason the injunction should be continued as to the payment of this money to the defendant water company for water furnished the city of Goldsboro.

Holding, as we do, as to the question of power, we do not find it necessary to consider the question as to the quality of the water.    The injunction, modified in accordance with the opinion, is continued.

Modified and affirmed.

CLARK, J., dissenting.    Without calling in question our decisions that waterworks are not a municipal necessity, I think that water for public sanitation and protection of public buildings is such necessity, and that when the Legislature of the State has required the town to procure water, to the above extent at least, it is a necessary purpose.    "The courts have nothing to do with the wisdom, policy or necessity of statutes which require an exercise of the police power." *Chicago v. State,* 53 Am. St. Rep., 557, 572, and notes; *Morris v. Columbus,* 66 Am. St. Rep., 243, and notes.