JAMES S. LANE, *et. al.*, *v.* E. A. STANLY and others.

Under the Constitution and Act of 1868–'9, ch. 165, townships have not the power of taxation for school purposes either through their trustees or committees. Nor have the Commissioners of a county the power to levy a township tax as distinguished from the general county tax for school purposes. And in laying the county tax for school purposes, the equation of taxation must be observed.

This was a civil action brought by the plaintiffs on behalf of themselves and the other tax payers of Township No. 3, in the County of CRAVEN, against the Commissioners and the tax collector of the said County to restrain them by injunction from collecting certain taxes levied for school purposes in the said township.

The complaint alleged that the school committee of the township made an estimate of the expense necessary to provide for schools to be taught during the year 1870, which estimate was reported to the Board of Trustees of the township, and was thereupon submitted to a vote of the qualified voters of the township, a majority of whom voted against it; that after the election, the estimate was forwarded by the trustees of the township to the County Com-

missioners, who proceeded to levy a tax for the expenses of a school in the township upon the property therein, and placed the tax lists in the hads of the tax collector, who is one of the defendants, and that he was proceeding to collect it; that in levying the said tax, the Commissioners, who are also defendants, violated the State Constitution in Art. 7, sec. 7, because first, the levy had not received the vote of a majority of the qualified voters of the township, and secondly, in laying it, the equation of taxation was disregarded.

Upon the filing of the complaint verified by affidavit, an order of the Judge was made requiring the defendants to appear at a certain time and place to show cause why an injunction should not be issued to restrain the collection of the said taxes, and in the meantime a temporary injunction was granted.

The defendants answered the complaint and averred that in levying and collecting the tax mentioned in the complaint they had acted in pursuance of the State Constitution, and the Act of 1868-'69, ch. 165, which was enacted to carry out its provisions ; and that the tax in question did not require the vote of a majority of the qualified voters of the township, nor the equation of taxation, because it was a necessary expense.   The counsel for the defendants, upon the filing of their answer, moved his Honor, *Judge Clarke*, at Chambers, on the 12th day of November, 1870, for a dissolution of the temporary injunction, which was granted, his Honor being of opinion that the plaintiffs were not entitled to the relief which they sought, and thereupon the plaintiffs appealed.

*Battle & Sons* and *Manly & Haughton*, for the plaintiffs.
*Lehman & Seymour* and *Green*, for the defendants.

READE, J.   Have township trustees the power to collect taxes for public schools ?

The Constitution, Art. 7, sec. 4, confers upon townships "corporate powers for the necessary purposes of local government." What is to be the "local government" we suppose was left to be prescribed by legislation. The "act concerning townships," Acts 1868–'69, chap. 186, sec. 14, prescribes that the Board of Trustees shall have authority to lay out, alter, &c., highways, to establish ferries, bridges, cartways, appoint overseers of roads and to allow toll bridges and gates across highways. The only other authority given them is to provide a township house, with a vote of the people. Sec. 11.   It will be noticed that all these are purely local. And no mention is made of schools or of the poor.   Of course revenue is necessary for every government, and therefore, what the Board of Trustees are authorized to do, in sections 14 and 11, they are authorized to pay for; and so, in sec. 19, they are empowered to levy a tax for the necessary expenses of the township.

We have already seen that public schools are not one of the enumerated subjects over which Township Trustees have control.   But it is insisted that, as education is necessary to good government, they have implied power over it.   This would be entitled to much consideration, if public schools were not otherwise provided for.   They are otherwise provided for.   The school law, Acts 1868–'69, chap. 165, sec. 15, provides a School Committee for each Township, who shall establish and maintain for four months in each year, one or more schools.   And sec. 18, makes them corporations. This Committee, and not the Township Trustees, have the management of the public schools.   This Committee provide the school house, employ the teachers, make rules, &c., and have the immediate management of all school matters in the Township.   And unless it was intended to give two

bodies control over the same thing, it would seem to exclude the Township Trustees altogether.

The Township Trustees have a Treasury and Treasurer; but they are not allowed to have the possession, or the disbursement, of the school fund, or anything else connected with schools.

But even the School Committee have only the local management of the schools. The Constitution, Art. 7, sec. 2, gives the "*supervision of schools*" to the County Commissioners; they levy the school tax, and in their Treasury is kept the school fund, and their Treasurer disburses the fund, upon the order of the School Committee.

The only thing that militates at all against this view of the case, is sec. 25, of the School Act, which provides, that, "In case any Township, at the annual meeting, shall fail to provide for schools," &c., " the School Committee shall immediately forward to the County Commissioners an estimate of the necessary expenses, and a tax, equal to the amount of such estimate, shall be levied on the Township by the County Commissioners, at the same time that the County taxes are levied," &c. This would seem to indicate that the Township Trustees are to levy school tax on the Township property; and upon their failure to do so the County Commissioners shall do it.

It will be observed, however, that it does not say so in terms. It does not say, Township Trustees, but simply " Townships "—if any " Township " shall fail, &c. And this may refer to the Township *School Committee,* instead of Township *Trustees.* And as it relates to school matters, with which the *Trustees* have nothing to do, it ought to be understood as referring to the School Committee.

But even with that explanation, it must not be understood that the school committee, any more than the township trustees, have any taxing power for school purposes. The 25th section will be further explained by reference to sec. 28,

which makes it the duty of the school committee annually to report an estimate of what is needed for schools, to the township trustees; and the township trustees are to report to the County Commissioners, and to the Superintendent of Public Instruction. And we suppose that section 25 means, that if the township trustees fail to make such report, then the School Committee shall make the report directly to the County Commissioners.

The object of the report to the County Commissioners being that they may know what County taxes to lay for school purposes. The school tax is to be general for the County; and then to be apportioned out among the townships according to the number of children in each. And the whole fund is to be in the hands of the County Treasurer, and he is to open an account with each township, and disburse the money upon the orders of the school committee.

But it is to be further considered that not even the County Commissioners have the entire control of public schools.

On the contrary, it was considered a matter of such paramount importance, that its supervision is reserved to the State itself.

The Constitution, Art. IX, declares that " religion, morality and knowledge are necessary to good government, and the happiness of mankind," and makes it the duty of the " General Assembly to provide by taxation and otherwise for a general and uniform system of public schools." It also provides for a State board of education and a superintendent; and the General Assembly has made a liberal appropriation of the taxes, and an additional $100,000 for school purposes. So it will be seen that the Constitution establishes the public school system, and the General Assembly provides for it, by its own taxing power, and by the taxing power of the counties, and the State board of education, by the aid of School committees, manage it. It will be observed that it is to be a " system ;" it is to be " general,"

and it is to be "uniform." It is not to be subject to the caprice of localities, but every locality, yea, every child, is to have the same advantage, and be subject to the same rules and regulations.

But would this be if every township were allowed to have its own regulations, and to consult its own caprices ?

In some townships there would be no Schools; in others, inferior ones, and in others extravagant ones, to the oppression of the tax payers.

There would be no "uniformity" and but little usefulness, and the great aim of the government in giving all of its citizens a good education would be defeated.

It is a mistake to regard the public system as a mere charity. It is a great governmental consideration. The Constitution *requires* that every child " shall attend" school, and one is not generally *required* to accept charity. It is a great truth, that knowledge is necessary to good government; without it, the laborer is nothing but muscle, with neither skill nor contrivance, consuming what he produces and adding nothing to general prosperity. The soldier is stolid and impairs the nation's strength; the voter is ignorant of men and measures, and exercises his right and duties at a venture; art and science languish; and the whole nation is imbecile, and must rank low with the powers of the world, to say nothing of the interest of morality and religion.

Therefore it is, that, looking only to its own existence and prosperity, the State must take charge of the education of its citizens.

The conclusion is that townships have not the power of taxation for School purposes, either through their Trustees or Committees. Nor has a county the power to lay township taxes, as distinguished from the general county tax for School purposes. And in laying the County tax for School purposes, the equation of taxation must be observed.

There was error in dissolving the injunction. The order is reversed and the injunction is made perpetual.

PER CURIAM.                    Judgment reversed.

NOTE.—The case of *Slover and others* v. *Berry and others,* from CRAVEN, involved the same questions and was decided in the same way.