J. N. WALLACE v. BOARD OF TRUSTEES of Sharon Township.

*Board of Township Trustees deprived of corporate powers—*
*Public and Private Corporations—Rights of*
*Party dealing with same.*

1. The county government act of 1877, ch. 141, deprived the board of township trustees of its existence as a municipal corporation, and hence it cannot be a party to a suit.

2. A party dealing with a municipal corporation has no such vested right growing out of his contract with the same as is protected by the federal constitution. It is a public institution and the state may destroy its corporate powers, leaving the party endamaged to seek relief by an appeal to the legislature. But the rule is otherwise with regard to private corporations.

(*Mitchell* v. *Trustees*, 71 N. C., 400, cited and approved.)

CIVIL ACTION tried at Fall Term, 1880, of MECKLENBURG Superior Court, before *Seymour, J.*

The plaintiff appealed from the ruling of the court below.

*Messrs. Wilson & Son,* for plaintiff.
*Messrs. Dowd & Walker,* for defendant.

RUFFIN, J.   In 1874 the plaintiff made a contract with the then board of trustees of Sharon township of Mecklenburg county, in pursuance of which he furnished the necessary rails and built a certain fence, and was to receive in compensation the sum of $550; and the object of this action is to recover of the defendant that sum.   When the case was called for trial in the court below, the judge presiding refused to allow it to be proceeded with upon the ground that there was no defendant; and thereupon the plaintiff submitted to a nonsuit and appealed.

The constitution of 1868 directed the several counties of the state to be divided into convenient districts which it

designates as "townships," and invested with "corporate powers for the necessary purposes of local government;" and provided for the biennial election of a clerk and two justices, who should constitute a board of trustees for each township, and upon whom it conferred the control of the taxes and finances of the same, subject to the supervision of the county commissioners. Art. VII, §§ 3, 4, 5.

In order to give effect to these provisions of the constitution, the act of 1868–'9, (Bat. Rev., ch. 112,) was enacted, wherein it was provided that all actions and proceedings by and against a township, in its corporate capacity, should be in the name of its board of trustees, and that the board should have the power to lay and collect all taxes requisite to defray the necessary expenses of the township. Section 2 and 19.

Thus stood the law at the time the plaintiff made his contract with the board of Sharom township, and also when he performed his part thereof. But subsequently the act of 1873–'4, ch. 106, was passed, whereby the provisions of the act of 1868–'9 were expressly repealed; and again in 1876–'7 the general assembly, under the power given it in the amended constitution of 1875, enacted what is generally known as the "county government act," whereby all the provisions of the constitution of 1868, in regard to township board of trustees were abrogated, and the provisions of the act substituted in the place thereof. The substituted provisions were to the effect that the townships already established and those thereafter to be created should be distinguished by well defined boundaries; "but that no township" have or exercise any corporate powers whatever, unless allowed by act of the general asssembly to be exercised under the supervision of the board of county commissioners." So that the question presented for our consideration and determination is, how far the right of the plain-

tiff to maintain his action has been affected by this subsequent legislation.

In reaching a conclusion we have not laid much stress upon the act of 1873–'4, whereby the act of 1868–'9 was repealed; for inasmuch as the constitution of 1868 was then in operation, and by it the board of township trustees were declared to be corporate bodies clothed with the power to levy and collect taxes within their respective townships, there might be some question as to the power of the legislature to deprive them of their corporate existence and powers, though that point does not seem to have been raised when the case of *Mitchell* v. *The Board of Trustees of Township No.* 8, reported in 71 N. C., 400, was before the court for consideration, and when full force was given to the statute.

There can however be no such doubt suggested as to the law of 1876–'7; as, then, the constitution had been amended, and full power lodged in the assembly to make what changes it might deem proper in regard to the municipal corporations of the state.

Acting upon the authority thus given it, the general assembly, by the said "county government act," repealed that clause of the constitution which gives corporate powers to the board of trustees for the township; also, that one which provided for the election of officers of the township who *ex officio* should constitute the board of trustees; also, that one which gave such trustees the control of the taxes and finances of their township; and in lieu thereof declared that "*no township should have or exercise any corporate powers whatever*," unless allowed to do so by act of the assembly.

It is true that the same act provides that the territorial limits of the townships, as established, should be preserved; but this, we think, was for the convenience of the citizens thereof, and because the law required that in all general elections for the state there should be at least one polling

place in each township, and could not have the effect, as argued by plaintiff's counsel, to continue them as corporations but with dormant powers. If corporations still, whence do they derive their existence, now that every clause of the constitution which gave them being has been abrogated, and every section of every act which could possibly be so construed has been repealed?

The counsel still urging that the townships were corporations, cited us to the third section of article eight of the constitution, wherein it is provided that "all corporations shall have the right to sue and be sued in all courts" and contended that, though the townships might be deprived of all other powers, they still retained the one of maintaining or defending an action ; and hence it was error in the presiding judge to have dismissed the action upon the ground that there was no defendant to it. But we cannot concur in this, for the simple reason, if no other, that the provision he refers to is declared in the very article of the constitution cited, to be applicable to "corporations other than municipal ;" and in article seven, which treats solely of municipal corporations, no such provision is found. Hence we conclude that there can be no doubt of the purpose of the legislature to take away from the township board of trustees all corporate powers; and that it has not only done so, in express words, but has destroyed their very existence as corporate bodies.

And this brings us to the last position assumed by the counsel, to-wit, that the repealing act was void as to the plaintiff, because it had the effect to impair the obligation of his contract with the defendant; or in some way to interfere with his vested rights growing out of that contract.

Private corporations. can have vested rights, for being designed to regulate private interests, and indeed being themselves private property, they do partake of the nature

of a contract; so that a violation of corporate rights and powers is inhibited just as a violation of any other private contract or property would be; and those who deal with them will receive exactly the same protection and acquire the same rights as those who deal with individuals.

But it is otherwise with municipal corporations, which never become the subject of property; they are public institutions, established for the advantage of the public, and they may lend their aid in conducting the government; their powers are public trusts to be exercised for the public good; and hence they must be liable in order to fulfil the very object of their creation, to be changed or modified according to the necessities and exigencies of the state, or to be abolished whenever they became hurtful or inconvenient. Such being their nature and inherent characteristics, it necessarily follows that neither they nor those who deal with them, can acquire any vested rights such as may enforce a continuance of their corporate existence. Every one is bound to take notice of their revocable nature, and is presumed to deal with them in the light of this notice.

It is useless to multiply citations in support of this position, as it is the well recognized rule of action with our courts both state and national, and has very recently been applied by the supreme court of the United States in a case not yet reported, growing out of the repeal of the charter of the city of Memphis by the legislature of the state of Tennessee. There, it was held that the creditors of the city could not be heard to complain of such repeal; and that after it no suit could be maintained against the city, it being defunct, though its assets might be seized and administered by a court of equity for the benefit of its creditors, and that if damaged, its creditors could only have relief by an appeal to the legislature. So we hold in this case.

The board of trustees of Sharon township having been

shorn of its powers and deprived of its corporate existence by the will of the legislature, it was incapable of defending the action of the plaintiff, and His Honor was right in refusing his permission to proceed with the trial; and if plaintiff has sustained loss by the action of the legislature, he must seek his relief at the hands of that body. It is impossible for us to hold otherwise, since to admit the position of the plaintiff here would be to concede that by the establishment of townships under the law of 1868, the right of the state to amend its constitution had been limited—a conclusion we presume that no one will contend for.

No error.                               Affirmed.