THE TRUSTEES OF THE GOLDSBORO GRADED SCHOOL v.
D. J. BROADHURST.

*Constitution— Taxation— Municipal Corporation—Schools—
Statute.*

1. Expenses incurred in establishing graded schools are not such " necessary expenses " as, under Art. VII, § 7 of the Constitution, may be provided for by taxation without the assent of the qualified voters of the community subject to the burden.

2. The Act of 1891, ch. 206, authorizing and directing the Commissioners of Wayne County to levy a tax upon the citizens of Goldsboro township, to pay the interest and provide a sinking fund to meet the principal of certain bonds issued in aid of graded schools, without the sanction of the qualified voters therein, is in conflict with the Constitution in that respect, and void.

CIVIL ACTION, tried before *Whitaker, J.,* at Spring Term, 1891, of WAYNE Superior Court.

In pursuance of the statute (Acts 1881, ch. 189), an election was held in Goldsboro township, in the county of Wayne, on the fourth Monday in May, 1881, to take the sense of the voters therein as to establishing therein graded schools as contemplated by that statute, and at that election a majority of the qualified voters of the township voted in favor of establishing such schools and to levy the tax to support the same.

Afterwards, the statute (Acts 1887, ch. 382) amended and modified as therein provided the above cited statute, and under and in pursuance of its provisions as alleged, an election was held in said township on the first Monday in May, 1887, at which a majority of the qualified voters thereof approved of the levy and collection of the annual tax in the statute allowed and provided for. The money raised by levy of taxes and constituting the school fund as intended by the last mentioned statute, was applied by the board of trustees of such graded schools to supplying such schools, and the

payment of the debt incurred for the purchase of grounds and the construction of the buildings for the colored school.

The trustees mentioned, at the time they purchased the grounds and buildings for white children, executed bonds to the amount of $10,000, and to secure the payment of the same, executed a mortgage of the said grounds and buildings, which bonds are yet unpaid. The said grounds and buildings are necessary to the said schools.

The statute (Acts 1891, ch. 206) prescribes that for the purpose of paying for and repairing the school buildings and grounds of the said graded schools for white children, the said trustees shall have power, and they are authorized, to issue bonds of the denomination of $100 to an amount not exceeding $15,000, bearing interest at a rate not exceeding six per cent. per annum, and running to maturity at a period not exceeding thirty years. The trustees are allowed to sell said bonds at not less than par of their face value, or exchange them for the bonds above mentioned. To raise a fund to pay the interest and provide a sinking fund to pay the principal on said bonds, the trustees are allowed to appropriate annually a sufficient amount from the school fund going into their hands; and if they fail to do so, the County Commissioners of said county are required to levy a tax on the taxable property and polls of said township for the purpose as prescribed. To secure the payment of said bonds, the said trustees are empowered to execute a mortgage of the said school property.

Accordingly, the said trustees have executed bonds and a mortgage of the property referred to, to secure the same, as allowed by the statute last cited, and sold and delivered to the defendant three of them, representing to him that they were *valid and a charge upon the property of said township*. It is alleged that he agreed and promised to pay for the bonds so delivered to him $300, and he refuses now to pay the same. This action is brought to recover that sum.

The defendant alleges that the bonds are not a charge upon the taxable property and polls of the township, because the proposition to make such charge has not been submitted to and voted for by a majority of the qualified voters of said township. The Court held otherwise, and gave judgment for the plaintiff, and the defendant, having accepted, appealed.

*Mr. W. C. Munroe*, for plaintiff.
No counsel, *contra*.

MERRIMON, C. J.: The single distinct question raised by the assignment of error for our decision is: "Are the Board of Commissioners of the county of Wayne charged and required by the statutes (Act 1881, ch. 189; Act 1887, ch. 382; Act 1891, ch. 206), all or any one of them, to annually levy a tax, as prescribed, upon the taxable property and polls of Goldsboro township in said county to pay the interest as the same shall come due, and to provide a sinking fund to pay the principal when the same shall mature, of the bonds in question?" It is insisted that this question must be decided in the negative, because a majority of the qualified voters of the township named have not voted to create the mortgage-debt of which such bonds are a part, nor have they voted in favor of the levy of such tax.

The first and second of the statutes cited above authorize the levy of taxes on the taxable property and polls of Goldsboro township for the purpose of establishing and the annual support of graded schools in that township; but they do not, certainly they do not in terms, authorize the trustees of these schools to create a debt secured by the mortgage of the school property; nor do they in terms, or by implication, authorize the Board of Commissioners of the county to levy taxes to pay the interest or principal of any debt for any purpose. The statute of 1891 expressly authorized the trus-

tees of the schools to issue their bonds to the amount of $15,000 and exchange them for those bonds first mentioned unpaid and outstanding, and to sell the same; and to annually apply so much of the taxes levied for the support of the schools as may be necessary to pay the interest on such bonds, and to provide a sinking fund for the payment of the principal of the debt at its maturity. It further provided, that—" If the said board of trustees shall fail to provide for the payment of the interest or for the establishment of the sinking fund hereinbefore provided for, it shall be the duty of the Board of County Commissioners of Wayne County to levy a tax upon the property and polls in Goldsboro township in said county, annually, for the payment of said interest and the establishment of said sinking fund," etc. Thus, plainly, the debt last mentioned is sought to be made that of the township, and taxes are to be levied to pay it by the Board of Commissioners of the County in the way and to the extent prescribed. The obvious purpose is to have the township assume and pay the debt secured by the bonds and mortgage, if the trustees fail to provide for its payment.

The township with corporate entity conferred upon it is, in an important sense, a municipal corporation, exercising such corporate powers and functions as may be conferred upon it by statute. *The Code,* § 707, ¶ 14; *Brown* v. *Commissioners,* 100 N. C., 92; *Wallace* v. *Trustees,* 84 N. C., 164. Here the clear purpose was to confer upon the township, as a corporate entity, capacity, power and authority to assume a debt of the trustees of the graded schools. Whether this is sufficiently done or not is a question we need not now decide, it is not necessary to do so, because, granting, for the present purpose, that it is, we are clearly of opinion that the tax cannot be levied as prescribed, for the conclusive reason that a majority of the qualified voters of the township have not voted in favor of assuming the debt of the trustees, nor in favor of the levy of a tax for the purpose. The Constitu-

tion (Art. 7, § 7) expressly provides, that "no county, city, town or other municipal corporation shall contract any debt, pledge its faith, or loan its credit, nor shall any tax be levied or collected by any officers of the same, except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein." No vote was taken to ascertain the will of a majority of such voters.

It cannot be said, properly, that the debt authorized by the last mentioned statute, or the other debt at first created by the trustees of the graded schools for the purchase of lands and the erection of appropriate school buildings, are debts created to pay "necessary expenses" of the township. Expenses incurred in establishing and supporting graded schools are not part of such "necessary expenses," because such schools do not pertain to or constitute part of the organization, or come within the ordinary purposes of townships any more than colleges or the like institutions, or particular enterprises or undertakings that are intended specially to promote the convenience or advantage of the people of a particular locality. Such things are exceptional in townships and not necessary for their ordinary purposes. The very purpose of the constitutional inhibition is to prevent the creation of debts for such exceptional purposes, without the sanction of a majority of the qualified voters of the township, city or town. Important as are public schools, and graded schools as well, it is not the purpose of townships as such to establish and support them. Under the Constitution, and appropriate legislation in pursuance thereof, schools are otherwise provided for. Hence, when it is deemed expedient and desirable that a graded school shall be established in a particular township, a debt for the purpose can be created only with the sanction of a majority of the qualified voters thereof. *Lane* v. *Stanly*, 65 N. C., 153.

This case is, in no sense, like that of *Blanton* v. *Commissioners*, 101 N. C., 532. There no new debt was in question,

or to be paid. The statute simply allowed the Board of Commissioners to issue new bonds in lieu of or to pay the old ones maturing. Here there was no old or prior debt of the township to be paid—the purpose is to pay a new debt. The judgment must be reversed, and the case disposed of according to law.

Error.