W. R. HOLLOWELL v. E. B. BORDEN ET AL., TRUSTEES OF THE GOLDSBORO GRADED SCHOOLS.

(Filed 29 May, 1908.)

1. **Municipal Corporations—School Districts—Constitutional Law.**
    A legally qualified board of trustees of the graded schools of a town is a municipal corporation within the meaning and purport of Article VII, section 7, of the State Constitution.

2. **Same—Debts Contracted—Public Schools—Special Purpose—Vote of the People.**
    The expense of a public-school system of a town is not a necessary municipal expense, and a bond issue to pay a debt contracted for that purpose, to be constitutional, must be submitted to a vote of the qualified voters of the township. Laws 1905, ch. 533, sec. 14. (*Collie v. Commissioners*, 145 N. C., 170, cited and distinguished.)

ACTION heard before *W. R. Allen, J.*, at chambers, from WAYNE.

This action is brought by the plaintiff on behalf of himself and other taxpayers of Goldsboro Township for the purpose

of restraining the defendants from issuing bonds.    Upon the hearing the injunction was refused, and plaintiff appealed.

The facts are stated in the opinion of the Court.

*F. A. Daniels* for plaintiff.
*A. C. Davis* for defendants.

BROWN, J.    At the special session of the General Assembly of 1908 an act was passed (chapter 31, Private Acts) empowering "the trustees of the Goldsboro ·Graded Schools to borrow the sum of $30,000 to pay for a site and for building a school building for the Wayne County High School, to be run in connection with the Goldsboro Graded Schools, and to issue therefor bonds of the denomination of $100 each," etc.

In pursuance of this act the defendants have undertaken to issue $20,000 in bonds of the denomination of $1,000 each.

The objection made to the validity of the act and of the bonds issued in pursuance thereof is that no election is provided for, and that none has been held, submitting this bond issue to the qualified voters of Goldsboro Township.

We think the objection is well taken and that his Honor should have granted the injunction.

It is properly admitted in the brief of the learned counsel for defendants, as well as that of the plaintiff, that the Board of Trustees of the Goldsboro Graded Schools of Goldsboro Township is a municipal corporation within the meaning and purport of Article VII of the Constitution of this State.

We have held that, "under a statute authorizing municipal corporations to issue bonds, a school district is properly called a municipal corporation,· according to the modern use of the term, and as such may obligate itself by bonds issued under such a statute." *Smith v. School Trustees,* 141 N. C., 151.

The same case classifies school districts as being among those municipal corporations that come within the scope of section 7, Article VII, prohibiting the contracting of debts without submitting the question to the qualified voters.

It is contended that no special tax is necessary to pay these bonds or the interest on them. That is immaterial. The contracting of the debt, as well as the levying of the tax, is prohibited unless authorized by the votes of the qualified electors.

It is also contended that the bonds are to be used in building a school building, a necessary municipal expense.

It has never been held anywhere, so far as we know, that the expense of the public-school system of this or any other State is a necessary *municipal* expense.

Our common-school system is created in the Constitution, and subject to its provisions; the care and control of it are left to the wisdom of the General Assembly. That body has empowered numerous municipalities to issue bonds and to tax themselves by special taxation so as to enlarge the common-school facilities provided for them by the general law of the State. But all such measures are required to be submitted to the qualified voters for approval. The policy of the State in reference to the establishment of high schools is set forth in section 14, chapter 533, Laws 1905, which expressly provides that where the public funds are sufficient for the establishment of a high school the same may be established without levying a special tax, but that where the funds are insufficient for that purpose an election shall be held, and if a majority of the qualified voters vote in favor of said tax, then the same shall be imposed. This act is general in its nature and relates to the public schools of the State. The policy of the State with reference to the establishment of high schools is further seen from the provisions of chapter 820, Public Laws 1907, in which provision is made for State aid in the establishment of the same. There is nothing in the recent decision of the Court in *Collie v. Commissioners,* 145 N. C., 170, which sustains the idea that our public-school system is a necessary municipal expense. On the contrary, the opinion regards the public-school system as a State insti-

148—17

tution, founded in the Constitution and governed and controlled by the General Assembly. In order to reconcile clauses of the Constitution apparently conflicting, we held in that case that the provision for four months school terms was mandatory, and that in order to give effect to it the General Assembly could compel the counties of the State, when necessary, to disregard the limitation upon taxation contained in Article V, section 1.

The question presented here was decided adversely to the contentions of the defendant in *Smith v. Trustees, supra,* where it is held that the establishment of a school district with power to issue bonds for school purposes must be sanctioned by a vote of the qualified voters of the prescribed territory. 141 N. C., 152. And in the recent case of *Wharton v. Greensboro,* 146 N. C., 356, one of the questions before the Court related to the validity of $30,000 in bonds issued for the special purpose of "equipping, altering and furnishing a school building or buildings for the city." The bonds issued had been ratified at the polls by a majority of the qualified voters, but it was contended that they were not to be used for necessary municipal expenses, but for a special purpose, and came within the limitation prescribed for such municipal indebtedness by section 2977 of the Revisal.

This Court unanimously held that the issuing of the $30,000 of schoolhouse bonds was "admittedly not a necessary expense," but constituted an indebtedness contracted for a special purpose. In the view we take of the case, it is unnecessary to consider the other objections to the validity of the bonds.

The judgment of the court below is reversed and the cause is remanded, with directions to issue the injunction as prayed for.

Reversed.