## S. V. ELLIS v. TRUSTEES OF THE GRADED SCHOOL OF OXFORD.

(Filed 13 September, 1911.)

1. School Districts—Indebtedness—Constitutional Law—Vote of People.

A special school district created by the Legislature is subject to the restrictions and limitations of the Constitution in reference to municipal indebtedness, and to the methods and powers of taxation therein prescribed.

2. Same—Bond Issues—Schoolhouse—Necessary Expense—Injunction.

The erection of a school building is not a necessary expense within the meaning of Art. VII, sec. 7, of our Constitution, and an issue of bonds for that purpose by a special school district is invalid and may be enjoined, unless the proposed issue shall have accordingly been submitted to a vote of the people.

3. Bond Issues—Municipal Indebtedness—School Districts—Taxation.

The payment of bonds constituting a valid municipal indebtedness may be enforced by appropriate taxation.

4. Same—Power to Mortgage—General Indebtedness—Vote of People.

A legislative enactment authorizing a special school district to "purchase and hold real and personal property and to sell, mortgage, and transfer the same for school purposes," etc., and approved by a majority of the qualified voters of the school district, at most only authorizes a mortgage on specific property, and is not

sufficient to the validity of bonds issued by the trustees for school purposes, which constitute a general indebtedness of the district, and where their payment may be enforced by taxation.

APPEAL from *O. H. Allen, J.,* at August Term, 1911, of GRANVILLE.

Civil action heard on case agreed. Defendants, the Trustees of the Graded School of the Town of Oxford, N. C., Inc., having determined to issue bonds to the amount of $20,000 as a debt of said Graded School District, Incorporated, and having advertised same for sale, the plaintiff, a citizen and taxpayer of the town, instituted the present action to restrain the said bond issue, claiming that said proposed action was unlawful because the proposition had not been approved by the vote of the people. The court, being of opinion that the board on the facts presented had the power to issue and sell the bonds, gave judgment that the preliminary restraining order be dissolved and that the trustees be allowed to proceed, whereupon plaintiff excepted and appealed to the Supreme Court.

*Graham & Devin for defendant.*
*Plaintiff not represented.*

HOKE, J. On the hearing, it was made to appear that the General Assembly, by chapter 333, Laws of 1903, had incorporated the Graded School District of the Town of Oxford, conferring upon the board of trustees the power of general supervision and control of school matters within said district, and among other things making provision as follows: "The said board of graded school trustees hereby created shall be a body politic and corporate, by the name and style of The Board of Graded School Trustees of the Town of Oxford, and by that name shall be capable of receiving gifts and grants, purchasing and holding real and personal property, selling, mortgaging and transferring the same for school purposes, and of prosecuting and defending suits for or against the corporation hereby created. Conveyances to said board shall be to it and its successors in office, and all deeds, mortgages and other agreements affecting real estate and personal property shall be

deemed sufficiently executed when signed by the chairman of said board of graded school trustees and attested by the secretary." The act conferring power also to levy a tax not exceeding 30 cents on the $100 valuation of property and 90 cents on the poll for the support of the graded schools of the district had been duly submitted and approved by a vote of the people of the district, as directed by the statute itself and in accord with constitutional requirement. In the case agreed the facts pertinent to the inquiry are further stated as follows:

"4. That by chapter 108, Private Laws of 1911, legislative authority was granted to defendant board to issue bonds for the erection of a graded school building in said town for school purposes, said act of 1911 setting out the manner thereof, with authority to execute deed of trust on said property to secure same. This act of 1911 does not provide for any tax levy in addition to that provided by the act of 1903. It is agreed that the act of 1911 may be read in full as if inserted here.

"5. That no election was provided or held under said act of 1911.

"6. That the defendant board has advertised for sale and is now offering for sale $20,000 in bonds executed by said board, and unless restrained will issue said bonds as the obligation of said board."

On these facts, the Court is of opinion that the bonds in question would not be valid obligations of the school district, and that their issue in the form as now proposed should be permanently enjoined. While it is now well established with us that the "Legislature may create special public *quasi* corporations for governmental purposes in designated portions of the State's territory," and confer upon them power to contract debts, levy taxes, etc. (*Board of Trustees v. Webb,* 155 N. C., 379), it is also as fully recognized that when in the exercise of such power a given district has been created, the restrictions and limitations provided by the Constitution in reference to municipal indebtedness, and as to the methods and powers of taxation of such corporations, must be observed. *Smith v. School Trustees,* 141 N. C., 143.

In Article VII, sec. 7, of the Constitution, this being the
section more directly relevant to this inquiry, it is provided,
"That no county, city, town, or other municipal corporation
shall contract any debt, pledge its faith, or loan its credit, nor
shall any tax be levied or contracted by any officers of the
same, except for the necessary expenses thereof, unless by a
vote of the majority of the qualified voters therein." And
the doctrine as above stated in reference to this and other
restrictive provisions of the Constitution which are applicable
will be found very well stated in the 3d and 4th headnotes of
*Smith v. School Trustees, supra*, as follows:

"3. The Legislature can create a specific school district
within the precincts of a county, incorporate its controlling
authorities, confer upon them certain governmental powers,
and when accepted and sanctioned by a vote of the qualified
electors within the prescribed territory as required by our Con-
stitution, Article VII, sec. 7, may delegate to such authorities
power to levy a tax and issue bonds in furtherance of the
corporate purpose.

"4. School districts are public *quasi* corporations, included
in the term municipal corporations as used in Article VII,
sec. 7, of our Constitution, and so come within the express
provisions of section 7, that 'No county, city, town, or other
municipal corporation shall contract any debt, pledge its faith,
or loan its credit, etc.; nor shall any tax be levied, etc., unless
by a vote of the majority of the qualified voters therein.' And
the principle of uniformity is established and required by
section 9 of this article."

Again, in *Hollowell v. Borden*, 148 N. C., 255, it was held:

"1. A legally qualified board of trustees of the graded schools
of a town is a municipal corporation within the meaning and
purport of Article VII, sec. 7, of the State Constitution.

"2. The expense of a public school system of a town is not a
necessary municipal expense, and a bond issue to pay a debt
contracted for that purpose, to be constitutional, must be sub-
mitted to a vote of the qualified voters of the township."

The erection of this school building, therefore, not being a
necessary expense within the meaning of the constitutional pro-

vision, it follows from these and other decisions of similar import, that the proposed indebtedness could not be lawfully incurred, "unless approved by a majority of the qualified voters of the school district."

It is insisted for defendants that although no election has been had and none provided for under the statute of 1911, the power was conferred by the former statute, to wit, chapter 333, Laws 1903, which was submitted to and approved by the voters, and this by virtue of that clause in the act by which trustees were authorized to "purchase and hold real and personal property and to sell, mortgage, and transfer the same for school purposes, etc."; but the position, in our opinion, cannot be sustained.

It may be that if the proposition now presented was to issue these bonds, secure the same by a mortgage on the building, and with the stipulation that the owner could in no event hold the municipality for any sum greater than could be realized by foreclosure sale under the mortgage, the authority to mortgage contained in the act of 1903 would suffice; but such is not the proposition embodied in the case agreed. There is no allegation that this indebtedness shall be restricted to the proceeds of the mortgage. We do not find it stated that a mortgage is even intended. On the contrary, these bonds, to the amount of $20,000, whether secured by a mortgage on the building or not, are to constitute a valid municipal indebtedness, and where this is true it is very generally held that payment may be enforced by appropriate taxation, and this whether provision is expressly made for such taxation or not. *City of Charlotte v. Shepard,* 122 N. C., 602; Abbott on Municipal Corporations, vol. 1, p. 360. In the last citation the general principle is expressed as follows: "Corporate indebtedness legally incurred for a public purpose by the corporation in its capacity as a public or governmental agent is generally paid through the imposition and collection of taxes, and, as will be noted in a succeeding section, 310, the payment of a valid indebtedness is considered a public purpose and one authorizing such action. In the absence of a constitutional or statutory limitation upon the power to tax, the granting of the authority to incur an indebtedness im-

pliedly authorizes the levy of taxes sufficient to pay the debt and the interest as it becomes due. 311. Though some few cases hold to the contrary, the weight of authority is sustained by the better reason."

A statute conferring power to create a debt to be secured by mortgage on a specific piece of property in its ordinary management is a very different proposition from the power to contract for a large municipal indebtedness, enforcible by taxation on all the property in a given district. A voter might very well be disposed to approve the one and be entirely opposed to the other. We are of opinion, therefore, that the proposed bond issue comes directly within the provisions of Article VII, sec. 7, of the Constitution, that no vote of the people has been had thereon and that the issue in the form as now proposed should be permanently enjoined.

There is error, and this will be certified, that judgment shall be entered according to this opinion.

Reversed.