G. A. WHITFORD v. BOARD OF COMMISSIONERS OF CRAVEN COUNTY.

(Filed 28 May, 1912.)

1. Schools, County Farm-life—Racial Distinctions—Separate Schools —Equal Facilities — Interpretation of Statutes—Constitutional Law.

Public Laws of 1911, ch. 84, providing for the establishment of county farm-life schools, by its provision that only one school of the kind shall be established in any county, does not deprive the local authorities of the power to provide equal facilities for the two races, but means that there shall not be more than one school of this kind for the instruction of both races, in separate buildings, with equal facilities; and is therefore constitutional. *Williams v. Bradford,* 158 N. C., 36, cited and distinguished.

2. Interpretation of Statutes—Constitutional Law—Presumptions.

There is a strong presumption in favor of the validity of legislation, and the courts will not declare an act unconstitutional unless it is clearly so, beyond a reasonable doubt.

APPEAL by plaintiff from *Whedbee, J.,* at May Term, 1911, of CRAVEN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*R. A. Nunn for plaintiff.*
*E. M. Green for defendant.*

WALKER, J.   This action was brought to restrain the collection of a tax and the issue of bonds by the county of Craven and Township No. 1 in the said county.   The tax was levied and the bonds are proposed to be issued for the establishment, support, and maintenance of a county farm-life school in the county and township, under and by virtue of Public Laws 1911, ch. 84, the provisions of which have been fully complied with. Elections were duly held in the county and township, and by a majority of the qualified voters the levy of a tax of $2,500 and the issue of bonds by the county to the par value of $5,000, and by the township to the amount of $10,000, was authorized for the purposes mentioned in the statute.   These and other facts not necessary to be stated were alleged in the complaint, to which the defendants demurred.   His Honor, *Judge Whedbee,* sustained the demurrer, and the plaintiff appealed.

The plaintiffs attack the validity of the tax levy and the bonds proposed to be issued, upon the ground that in section 17 of the act it is provided that not more than one farm-life school shall be established in any county, and by this prohibition it is argued that the local authorities are deprived of the power to provide equal facilities for the two races; but we do not think this follows.   What the statute means is that there shall not be more than one school of this kind for the instruction of both races, in separate buildings, with equal facilities.   Having two or more buildings for the purpose of racial separation does not constitute two legally distinct schools.   It is all one school, though consisting of two divisions, one for each race.

The plaintiff contended that the principle announced in *Williams v. Bradford,* 158 N. C., 36, applies to this case, but we think the two cases are widely different.   In the *Williams case*

159—11

it was clear that provision was made for one race only; but in this case the statute does not provide for each race exclusively, and it might just as reasonably be argued that the benefit of the school was confined to the colored race, as it can be that it is restricted to the white race.

We are not at liberty to declare a legislative act void, as being unconstitutional, unless it is clearly so beyond any reasonable doubt. There is always a strong presumption in favor of the validity of legislation, which must be overcome by some convincing reason to induce a court to declare it void. The act under consideration makes no discrimination between the races, and there is no expression in it which leads us to think that the school was intended for the exclusive benefit of the one race or the other. In this respect the language of the act is not unlike that which we construed in *Lowery v. School Trustees,* 140 N. C., 33, favorably to a provision establishing a graded school, in which *Justice Connor* said: "While in other acts which we have examined the plural is used, we see no difficulty in finding in the act a positive direction to establish one school in which the children of each race are to be taught in separate buildings and by separate teachers. The Constitution expressly commands it to be done; this was well known to the draftsman and the Legislature."

There was no error in sustaining the demurrer, and this affirms the judgment.

Affirmed.