JOHN T. SPRAGUE ET AL. v. COMMISSIONERS OF WAKE
COUNTY.

(Filed 20 May, 1914.)

**Municipal Corporations — Counties — Credit — Necessaries—School
Purposes—Statutes—Constitutional Law.**

It is prohibited by our Constitution, Art. VII, sec. 7, that a
county contract any debt, etc., unless approved by the majority
of the qualified voters of that county, which is not for a necessary
expense, notwithstanding the provisions of a statute to the con-
trary; and schools being held not to be an expense of this char-
acter, an issue of bonds for such purpose is invalid, though a
majority of those voting thereon have expressed themselves by
ballot in their favor, if such majority be not also that of the
qualified voters of the county.

APPEAL by plaintiff from *O. H. Allen, J.,* at April Term,
1914, of WAKE.

This was a civil action brought by the plaintiff on behalf of
himself and all other citizens and taxpayers of Raleigh Town-
ship, Wake County, to enjoin the board of county commissioners
of Wake County from preparing and issuing $50,000 of school
bonds of Raleigh Township, the cause being heard in the Su-
perior Court of Wake County, upon an agreed statement of
facts, a jury trial having been waived.

Judgment was rendered in favor of the defendants, and the
plaintiffs excepted and appealed.

*W. B. Snow for plaintiff.*
*J. W. Hinsdale, Jr., for defendant.*

HOKE, J. Our Constitution, Art. VII, sec. 7, contains pro-
vision that "No county, city, town, or other municipal corpora-
tion shall contract any debt, pledge its faith or loan its credit,
nor shall any tax be levied or collected by any officer of the
same, except for the necessary expenses thereof, unless by a vote
of the majority of the qualified voters therein," and it is the
accepted interpretation of this provision that the words "ma-
jority of the qualified voters therein" mean a majority of all
the persons who are duly qualified to vote in a given district or

township, etc. In the present instance it has been properly made to appear that the General Assembly, Special Session, 1913, passed an act authoriźing a bond issue of $50,000 for the purpose of constructing, etc., one or more graded or public school buildings in Raleigh Township, provided the measure was approved by the voters of the township, and that a majority of the votes cast at the election should determine the question. On election held, a majority of the votes cast was in favor of the bonds, but the measure failed to receive a majority of the qualified voters of the township. This being true, the proposed bond issue would be in violation of the Constitution, unless the same is to be considered a "necessary expense" within the meaning of the provision.

On the question thus presented, the Court, in many cases directly construing the constitutional provision, has repeatedly held that the erection of new school buildings may not be properly considered a necessary municipal expense. *Gastonia v. Bank, ante,* 507; *Ellis v. Trustees,* 156 N. C., 10; *Hollowell v. Borden,* 148 N. C., 255; *Rodman v. Washington,* 122 N. C., 39; *Goldsboro Graded Schools v. Broadhurst,* 109 N. C., 228.

Out of the current revenues lawfully available for the purpose, the authorities may build, as their judgment dictates, but when it is proposed to incur a large indebtedness of this kind, and secure same by issuing bonds of the municipality, the Constitution provides, as stated, that it can only be done when a majority of the qualified voters within the district shall give the measure their approval.

This being the established construction of the Constitution, required by the ordinary significance of the language used, and for other considerations appearing in the authorities cited, it may not be ignored or departed from because, in an exceptional instance, it may work a hardship to the interests more especially involved or because the Legislature may have given formal indication that the measure is desirable.

Being a part of our organic law, established as a wholesome restraint on the incurring of burdensome indebtedness, it binds

both the Legislature as well as municipal authorities, and must be enforced as controlling in all cases coming within its. terms and meaning.

On authority, therefore, we·must hold that the proposed· bond issue is without warrant of law, and the defendants be enjoined from proceeding further with the measure.

Reversed.