JAMES E. MORAN v. BOARD OF COMMISSIONERS OF CHOWAN
COUNTY.

(Filed 3 March, 1915.)

1. **Schools — Bond Issues—Taxation—Constitutional Law—Injunction—Construction and Equipment—Vote of People—Maintenance.**

   The validity of bonds carried at an election within a designated district for the construction and equipment of a "farm-life school" therein, and in accordance with the statute authorizing it, is not affected by the failure of the statute to provide for its maintenance; and while school purposes are not necessaries within the meaning of our Constitution, Art. VII, sec. 7, and require that taxation for such purpose must be submitted to the voters, a provision of the statute providing that for the maintenance of the school the county commissioners shall make an appropriation in a certain sum under certain conditions, which provision is unconstitutional, affords no ground for an injunction against the issuance of the bonds, not made contingent on the appropriation.

2. **Schools—Taxation—Bond Issues—Appropriations—Vote of People—Constitutional Law.**

   Where a statute provides that the issuance of bonds for the construction of a farm-life school be submitted to the voters of a certain district, and for an appropriation from the State's funds for the maintenance of the school, upon condition that the county also appropriate a like amount for that purpose, the question of the constitutionality of the appropriations made without the approval of the voters does not affect the validity of the bonds. *Semble*, the appropriation of the State's funds, under such circumstances, would be valid, if the contingency were complied with.

3. **Schools, Public—Charges for Tuition—Constitutional Law.**

   The mere fact that a school, erected and maintained for the public in its district, is authorized by the statute to charge tuition for children from other parts of the State does not affect the validity of statute, as such schools are recognized as public, and not private schools. *Whitford v. Comrs.*, 159 N. C., 160, cited and applied.

APPEAL by plaintiff from *Justice, J.*, at Spring Term, 1915, of CHOWAN.

*H. R. Leary* for plaintiff.
*Pruden & Pruden, W. S. Privott*, and *S. Brown Shepherd* for defendant.

CLARK, C. J. This is a controversy submitted without action. Chapter 479, Public-Local Laws 1913, entitled "An act to establish a farm-life school in Chowan County," provides for the creation in "Edenton Graded School" District, in Chowan County, of a school to be known as "Chowan County Farm-life School." After providing for the course of study and the purposes of the school, and for its control and management, the act

168—19

authorizes an election in said Edenton Graded School District for the submission to the qualified voters thereof of the issue of bonds, in an amount not to exceed $25,000, and for the levy and collection of taxes to pay the principal and interest of said bonds, the proceeds of which to be used for the "construction and equipment" of said school.

The election was held in conformity with law, and was regular in all respects, and the result was duly canvassed, and, being in favor of the issue of the bonds by a vote of 197 out of a total registered vote of 246, the county commissioners propose, pursuant to said act, to issue said bonds to an amount not to exceed $25,000, as authorized by the act and by the election held thereunder.

The plaintiff, who was not a resident in said school district, attacks the validity of the bonds upon the ground, (1) That by section 7 of said act the county commissioners of Chowan County shall provide annually, by taxation or otherwise, not less than $2,500 for the maintenance of said school. It is true, Art. VII, sec. 7, of the Constitution prohibits any county to levy any tax "except for the necessary expenses thereof unless by a vote of a majority of the qualified voters therein," and it has been held that the maintenance of schools is not a "necessary expense" of the county. *Rigsbee v. Durham,* 98 N. C., 81; *Goldsboro Graded School v. Broadhurst,* 109 N. C., 232; *Rodman v. Washington,* 122 N. C., 39; *Bear v. Comrs.,* 124 N. C., 204; *Hollowell v. Borden,* 148 N. C., 255; *Ellis v. Trustees,* 156 N. C., 13. But there is nothing in this act which makes the validity of this election, and of the bonds issued thereunder, dependent upon the validity of this appropriation by the county commissioners for its maintenance. This case is not like *Winston v. Trust Co.,* 158 N. C., 512, as is explained in *Briggs v. Raleigh,* 166 N. C., 150. Nor is it like *McCrackin v. R. R., ante,* 62, where the issue of bonds was submitted to the voters with conditions named in the act.

This graded school election having been duly and regularly had and the bonds voted in accordance with law, the appropriation by the county commissioners for the maintenance of the school after the buildings shall have been erected and equipped may still be provided for by an act of the General Assembly authorizing an election by the county or by the school district, or possibly by private subscriptions or by a donation from some wealthy and patriotic citizen, or "otherwise." But it is sufficient now to say that the validity of the bonds for the erection and equipment of the school buildings is in no wise dependent upon the source from which the maintenance shall come. Doubtless the object of this litigation is to obtain legislation to authorize a vote of the people on the question of maintenance, if it cannot be procured from other sources.

The act is also attacked upon the ground that section 14 authorizes an appropriation out of the State Treasury of $2,500 per year for the fuller

maintenance of the school when it shall appear that it has been established and equipped, and that $2,500 has been appropriated for that purpose by the county. It is contended that the Const., Art. V, sec. 4, prohibits such appropriation out of the State Treasury except by a vote of the people of the State. It does not now occur to us that there is any distinction between the validity of such appropriation and many similar appropriations, such as to the Jackson Training School, the Cullowhee High School, and others. But if this provision were invalid, it in no wise affects the validity of the bond issue authorized by the vote of the people of the Edenton Graded School District.

The validity of the school is also attacked upon the ground that some details of the act are unconstitutional, in that it admits children from other parts of the State to the school upon the payment of tuition, and that children between 6 and 21 are required to pay tuition, and that it is not a public school in the sense of the Constitution. The validity of this legislation, however, has been recognized in *Whitford v. Comrs.,* 159 N. C., 160, and discussion is unnecessary.

Affirmed.