This action was brought to recover $52,500 alleged to be due for the balance of purchase money of the Presbyterian College property in Charlotte and for specific performance of a contract entered into between the plaintiff and the defendant for the sale of said property at the price of $95,000, of which $42,000 was to be secured by the defendant by a mortgage on the property.
The defendant in its answer insisted that said alleged contract and the promissory note of the city for the balance on the purchase money of the said college property were void because not authorized by a majority of the qualified voters of the city, under Article VII, section 7, of State Constitution, and that the contract was entered into with full knowledge of this fact and in the expectation that the contract was not to be executed unless a bond issue was authorized by the Legislature and ratified by a majority of the qualified voters of the city, and that the failure of the voters to ratify the act authorizing the bond issue made it impossible for the city to execute the contract.
When the case came on for trial the plaintiff proposed that if the defendant would admit title to the land to be in the plaintiff, that the plaintiff would demur to the answer and demand judgment upon the pleadings, which was done, and this presents the point in the case as to whether such contract was within the powers of the city in the absence of a majority vote. As to the other point in regard to the alleged unfitness of the location, and the condition of the property, these were matters resting in the judgment of the town authorities, with which the courts have nothing to do unless there was misconduct on the part of the officials *Page 617 
or corruption, which is not alleged. A public school building is not a necessary municipal expense, within the meaning of Article VII, section 7, of the Constitution, and this contract not having been authorized by a majority vote at the polls, is invalid. This has (566) been repeatedly held, Lane v. Stanly, 65 N.C. 153 (in 1871), and later in Goldsboro v. Broadhurst, 109 N.C. 228, where this Court denied the right of the plaintiff to recover on certain bonds executed as a part of the purchase price of certain school grounds and buildings on the authority of a legislative enactment. In the last case it is said: "The very purpose of the constitutional inhibition is to prevent the creation of debts for such exceptional purposes, without the sanction of the majority of the qualified voters of the township, city or town. Important as are public schools and graded schools as well, it is not the purpose of townships, as such, to establish and support them. Under the Constitution, and appropriate legislation in pursuance thereof, schools are otherwise provided for."
In Rodman v. Washington, 122 N.C. 39, the Court restrained a tax levy for graded school purposes levied under the authority of an act of the Legislature, saying: "While we are in favor of public education, we cannot hold that a tax over and above that provided for and required to be levied and collected by the Constitution is a necessary corporation expense in the administration of the defendant corporation."
In Hollowell v. Borden, 148 N.C. 255, the Court sustained an injunction against the issuance of bonds under a special act of the Legislature for the purpose of buying a site and building for the graded school therein, and said: "It is also contended that the bonds are to be used in building a school building, a necessary municipal expense.
"It has never been held anywhere, so far as we know, that the expense of the public school system of this or any other State is a necessarymunicipal expense.
"Our common school system is created in the Constitution and subject to its provisions; the care and control of which are left to the wisdom of the General Assembly. That body has empowered numerous municipalities to issue bonds and to tax themselves by special taxation so as to enlarge the common school facilities provided for them by the general law of the State. But all such measures are required to be submitted to the qualified voters for approval . . . There is nothing in the recent decision of the Court inCollie v. Comrs., 145 N.C. 170, which sustains the idea that our public school system is a necessary municipal expense. On the contrary, the opinion regards the public school system as a State institution, founded in the Constitution, and governed and controlled by the General Assembly. . . . *Page 618 
"The question presented here was decided adversely to the contentions of the defendant in Smith v. Trustees, 141 N.C. 151, where it is held that the establishment of a school district, with power to issue bonds for school purposes, must be sanctioned by a vote of the qualified voters of the prescribed territory."
(567) It did not affect the decision in Hollowell v. Borden in any way, because it appeared that the children in the county outside of the prescribed territory were permitted to attend the Goldsboro Graded School. That was merely an incidental matter in no wise affecting the principle upon which the case was decided. Besides, there is the same provision in the Charlotte School act permitting children in the county outside of the city to attend the city schools.
In Ellis v. Trustees, 156 N.C. 12, which was an action to restrain the issuance of bonds for the Oxford Graded School under a special act of the General Assembly, the Court held: "The erection of this school building, therefore, not being a necessary expense within the meaning of the constitutional provision, it follows from these and other decisions of similar import that the proposed indebtedness could not be lawfully incurred `unless approved by a majority of the qualified voters of the school district.'"
It is contended, however, that under the compulsory school law of 1913 a different rule should obtain. It is claimed that a public school building in view of said act has now become a necessary expense, because more buildings are required. This, however, does not change the constitutional provision on which the above cited cases were decided. There is no reason that extra buildings may not be obtained by renting the same without the expenditure of large sums for buildings and grounds, when a majority of the voters of the city will not approve such expenditure.
In Sprague v. Comrs., 165 N.C. 603, decided since the compulsory school act of 1913, the Court held that a bond issue of $50,000 to construct public graded school buildings for Raleigh Township could not be authorized except by the assent of the majority of the qualified voters, saying: "On the question thus presented (Art. VII, sec. 7) it has repeatedly held that the erection of a new school building may not be properly considered a necessary municipal expense. Gastonia v. Bank, 165 N.C. 507; Ellis v.Trustees, 156 N.C. 10; Hollowell v. Borden, 148 N.C. 255; Rodman v.Washington, 122 N.C. 39; Goldsboro Graded Schools v. Broadhurst,109 N.C. 228.
"Out of the current revenues lawfully available for the purpose, the authorities may build, as their judgment dictates; but when it is proposed to incur a large indebtedness of this kind, and secure same by issuing bonds of the municipality, the Constitution provides, as stated, *Page 619 
that it can be done only when a majority of the qualified voters within the district shall give the measure their approval.
"This being the established construction of the Constitution, required by the ordinary significance of the language used, and for other considerations appearing in the authorities cited, it may not be ignored or departed from because, in an exceptional instance, it may work (568) a hardship to the interests more especially involved or because the Legislature may have given formal indication that the measure is desirable.
"Being a part of our organic law, established as a wholesome restraint on the incurring of burdensome indebtedness, it binds both the Legislature as well as municipal authorities, and must be enforced as controlling in all cases coming within its terms and meaning."
In Gastonia v. Bank, 165 N.C. 507 (decided in 1914), the Court held, in construing a special act passed in 1913: "It is well settled by the decisions of this Court that schools and school buildings are not necessary expenses of a municipal corporation. Our school system is founded in the Constitution, and is largely governed and regulated by laws applicable to the entire State. This subject is fully discussed in Hollowell v. Borden,148 N.C. 256, and cases there cited.
"It is plain, therefore, that so much of the act as authorized the issue of bonds for `erecting new graded school buildings' is invalid."
The last two cases have been decided since the adoption of the compulsory school law.
Whether the maxim is true or not that "Every people has as good a government as they are fit for," it is certainly true that under our Constitution school buildings and grounds cannot be bought by the issuance of bonds and on a credit unless authorized by a majority vote of the people of the city, town, or township interested in that matter. They must be consulted, for their judgment and not that of the officials must control. The constitutional provision requiring at least four months school, and the statute of 1913 requiring compulsory attendance, must be complied with by the use of such buildings as the funds furnished will command, either by purchasing and building or renting for the purpose out of the current funds, until the judgment of the majority at the ballot box shall authorize the issuance of bonds for the purpose of larger and more commodious quarters. This may involve the task of enlightening the adults of the community, which is sometimes more difficult than the education of the children. But as has been so often held, since these buildings, sites, and lots are not necessary expenses, and the issuance of bonds for that purpose may be excessive, however necessary the officials may think such expenditure, and however correct even their judgment may be, the bonds cannot be issued unless a majority at the *Page 620 
ballot box, having to pay the principal and interest of these bonds, have first approved such expenditure.
We were earnestly urged by the able counsel who represented the plaintiffs to change the well settled rulings of the Court above quoted. But aside from the respect which should be paid the doctrine of stare decisis, we are of the opinion that those decisions were carefully (569) made and are based upon the provision in the Constitution which requires submission to the majority of the qualified voters of any proposition to incur indebtedness for other than a necessary public expense, which this is not.
The judgment of the court below dismissing the action is
Affirmed.
Cited: Williams v. Comrs., 176 N.C. 557 (c); Perry v. Comrs.,183 N.C. 392 (1c); Armstrong v. Comrs., 185 N.C. 409 (c); Henderson v.Wilmington, 191 N.C. 278 (c); Frazier v. Comrs., 194 N.C. 61 (c); SchoolCommittee v. Taxpayers, 202 N.C. 299 (1).