### H. R. SNIDER v. JACKSON COUNTY.

(Filed 28 May, 1918.)

1. **Schools—Counties—Taxation—Statutes—Constitutional Law—Approval of Electors.**

    The building and maintenance of its schools is not a necessary county expense, and an act which authorizes a tax levy for those purposes without provision requiring the submission of the question to the qualified voters of the territory or district is invalid.

2. **Same—Constitutional in Part—Indivisible Scheme.**

    Where a statute provides for an annual appropriation by a county for the maintenance and support of a school, to be collected by a special tax levy, taking certain public buildings of the county for the purpose and referring to the provisions of a prior act for its government generally, it manifests one indivisible scheme for the purpose of establishing the school, and its several provisions must stand or fall together as to the constitutional requirements.

APPEAL from order of *Shaw, J.,* at chambers, 20 July, 1917, from JACKSON.

This action is brought by plaintiff, a resident and taxpayer of Jackson County, to restrain the Board of County Commissioners from issu-

ing bonds, levying special taxes, and pledging the credit of the county to the establishment of a farm-life school in said county. The ground upon which the application for an injunction is based is that no election has been held, as required by law, authorizing the board to incur the indebtedness and to levy the tax.

The court, *Shaw, J.,* presiding, in Superior Court of Jackson County, continued the injunction to the final hearing. Defendant appealed.

*Coleman C. Cowan for plaintiff.*
*Walter E. Moore and Felix E. Alley for defendants.*

BROWN, J. The act of the General Assembly of 1917 undertook to provide for the establishment of a farm-life school at Webster, in the county of Jackson. The act, among other things, provided that the old courthouse and jail in the town of Webster and certain lands, a part of the county home farm, be conveyed by the commissioners to the trustees of the farm-life school. The act also required the commissioners to levy an annual tax sufficient to raise $2,500 for the yearly maintenance of the school.

The act of 1917 also adopted and made a part of its enactment, as applicable to said farm-life school, chapter 84 of the Public Laws of 1911, section 6, of which later act required that there shall be provided by bond issue, or otherwise, as equipment for such schools a school building, with recitation rooms, laboratories and apparatus necessary for efficient instruction, etc., dormitory buildings with suitable accommodations for not less than 25 boys and 25 girls, barn and dairy buildings with necessary equipment, a farm of not less than 25 acres of good arable land. Said act of 1911 provided for an election on the question of a bond issue and the necessary taxation for the purposes indicated.

It is manifest that the act of 1917 is one indivisible scheme enacted for the purpose of establishing a farm-life school in the county of Jackson. The several provisions of it must stand or fall together. They are not severable and distinct, and it is clear that the constitutional provisions would not have been enacted without the presence of those that are unconstitutional. *Claywell v. Comrs.,* 173 N. C., 657, citing Employers' Liability Cases, 207 U. S., 463-501, and others.

The act of 1917 contains this provision: "Sec. 5. That the Board of Commissioners of Jackson County shall appropriate annually the sum of $2,500 for the maintenance and support of said school, and to that end they are authorized to levy a special tax," etc.

There is no provision that this tax shall be submitted to the approval of the qualified voters at an election. We have held in an unbroken line of cases that schools and school buildings are not necessary expenses

of a municipal corporation. ·A special tax for the support of public schools to be levied and collected in the counties, cities and towns of the State, under the Constitution of this State, must be approved by a majority of the duly qualified voters of the territory within which the tax is to be levied. Neither has a municipal corporation the right to· issue bonds to build schoolhouses or otherwise aid public education without such approval. *Moran v. Comrs.,* 168 N. C., 289; *Gastonia v. Bank,* 165 N. C., 507; *Hollowell v. Borden,* 148 N. C., 255; *Wharton v. Greensboro,* 146 N. C., 356, and many other cases.

Under these decisions, the controlling provision of the act of 1917 is void, as no such tax can be levied without the approval of a majority of the qualified voters of Jackson County; and there is no machinery provided in the statute for submitting. the matter to a vote at an election. The special tax is essential to the maintenance of the school, and without it the entire purpose of the act must fail.

Section 6 of the act of 1917 provides: "That the said Jackson County Farm-life School shall be controlled and governed as set forth in chapter 84, Public Laws of 1911, which said act shall be applicable .to the establishment and government of said farm-life school, and all the provisions of said chapter 84, Acts of 1911, are in full force and effect and applicable to said Jackson County Farm-life School, except as the same is modified by this act."

This adds nothing to the validity of the act of 1917. The purpose of the latter act was to establish a farm-life school and levy a special tax without submitting the matter to the arbitrament of a vote, and, as we have seen, this cannot be done.

The act of 1911 contains certain administrative provisions for the government of farm-life schools generally, and it was desired that such provisions and regulations should apply to this particular school, and that is the reason for referring to it and, as far as applicable and inconsistent, incorporating them in the act of 1917.

No special tax can be levied and no bonds issued under the act of 1911, by its express terms, without the approval of a majority of the qualified voters.

We are of opinion, for the reasons given, that the act of 1917 is inoperative and invalid as a whole.

Affirmed.